21764

The STATE, Respondent, v. Amy JENKINS, Appellant.
(294 S. E. (2d) 44)

*Appellate Defender John L. Sweeney of S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Sr. Asst. Atty. Gen., Brian P. Gibbes*, and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Harold M. Coombs, Jr.*, Columbia, and *Sol. Randolph Murdaugh, Jr.*, of Hampton, *for respondent.*

July 21, 1982.

GREGORY, Justice:

Appellant was convicted of unlawful neglect of a child in violation of S. C. Code Ann. § 16-3-1030 (1976), *repealed by* 1981 Act No. 71, Section 3,[1] and sentenced to eighteen (18) months. We affirm.

At midnight on June 12, 1980, appellant left two of her children, ages eight and five, sleeping alone in her house while she went for a ride with a friend. When she returned home

---

[1] This section was repealed as part of a reorganization of provisions dealing with family, domestic, and juvenile matters. Similar provisions now appear in § 20-7-50 of the Code (1981 Cum. Supp.).

approximately one hour later, the house was burning. Both children died in the fire.

Section 16-3-1030 provides:

> Any person having the legal custody of any child or helpless person, who shall, without lawful excuse, refuse or neglect to provide the proper care and attention for such child or helpless person, so that the life, health or comfort of such child or helpless person is endangered or is likely to be endangered, shall be guilty of a misdemeanor and shall be punished within the discretion of the court.

Appellant argues the trial judge erred in charging the jury that the requisite standard of proof under the statute is simple negligence, rather than criminal negligence. Criminal negligence is defined in § 16-3-60 of the Code as "the reckless disregard of the safety of others." Appellant contends this is the standard of proof for conviction under § 16-3-1030 of the Code. We disagree.

> "In offenses at common law, and under Statutes which do not disclose a contrary legislative purpose, to constitute a crime, the act must be accompanied by a criminal intent, or by such negligence or indifference to a duty or to consequences as is regarded by the law as equivalent to a criminal intent. The Statute, however, may forbid the doing of an act, and make its commission a crime, regardless of the intent or knowledge of the doer, and, if such legislative intention appears, the Court must give it effect, although the intent of the doer may have been innocent."

*State v. American Agr. Chemical Co.*, 118 S. C. 333, 110 S. E. 800, 802 (1922).

> "The legislature ... may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer. ... This rule has been

generally, although not quite universally, applied in the enforcement of statutes passed in aid of the police power of the state, where the word, 'knowingly' or other apt words are not employed to indicate that knowledge is an essential element of the crime charged. The doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt."

*Guinyard v. State*, 260 S. C. 220, 195 S. E. (2d) 392, 395 (1973) [quoting *State v. Manos*, 179 S. C. 45, 183 S. E. 582 (1936)].

". . . Whether knowledge and intent are necessary elements of a statutory crime must be determined from the language of the statute, construed in the light of its purpose and design." *Guinyard v. State*, 260 S. C. 220, 195 S. E. (2d) 392, 395 (1973). Obviously, § 16-3-1030 was enacted to provide protection for those persons whose tender years or helplessness renders them incapable of self-protection. By failing to include "knowingly" or other apt words to indicate criminal intent or motive, we think the legislature intended that one who simply, without knowledge or intent that his act is criminal, fails to provide proper care and attention for a child or helpless person of whom he has legal custody, so that the life, health, and comfort of that child or helpless person is endangered or is likely to be endangered, violates § 16-3-1030 of the Code.

Next, appellant argues the trial judge erred in refusing to direct a verdict of not guilty.

In determining whether the lower court should have granted appellant's motion for a directed verdict, the evidence is viewed in the light most favorable to the State. See cases collected in 18 West's S. C. Digest, *Trial*, Keynote 189. Unless there is a failure of competent evidence tending to prove the offense charged, a trial judge should refuse a defendant's motion for a directed verdict of acquittal. *State v. Halyard*, 274 S. C. 397, 264 S. E. (2d) 841 (1980); *State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979); *State v. Irvin*, 270 S. C. 539, 243 S. E. (2d) 195 (1978); *State v. Foxworth*, 269 S. C. 496, 238 S. E. (2d) 172 (1977). We think the evidence presented

by the State in this case was sufficient to create a jury issue, and hold the trial judge did not err in refusing to grant appellant's motion for a directed verdict of not guilty.

Accordingly, we affirm appellant's conviction and sentence.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.