Argued and submitted April 12, reversed and remanded September 6, 1995

RICHARD ERVIN PHELPS,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(930839CV; CA A83820)

901 P2d 965

Michael E. Rose argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. In April 1981, petitioner was convicted of attempted delivery of a controlled substance. He served his sentence at the Washington County Jail. Later, petitioner was incarcerated at the Oregon State Correctional Institution (OSCI) on an unrelated conviction. In September 1993, while at OSCI, petitioner filed a petition in the Washington County Circuit Court seeking post-conviction relief on the 1981 conviction. In December, after the state failed to respond to his petition, petitioner filed a motion for an order and judgment of default under ORCP 69.

In January 1994, the state moved to dismiss the petition on the ground that, pursuant to ORS 138.560, the Washington County Circuit Court lacked jurisdiction. In March, the court granted the state's motion, holding that it had no jurisdiction because petitioner was incarcerated in Marion County.

ORS 138.560 provides, in part:

"(1) A proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680 shall be commenced by filing a petition and two copies thereof with the clerk of the circuit court for the county in which the petitioner is imprisoned, or, if the petitioner is not imprisoned, with the clerk of the circuit court for the county in which the petitioner's conviction and sentence was rendered. * * *

"(2) For the purposes of ORS 138.510 to 138.680, a person released on parole or conditional pardon shall be deemed to be imprisoned in the institution from which the person is so released.

"(3) [T]he release of the petitioner from imprisonment during the pendency of proceedings instituted pursuant to ORS 138.510 to 138.680 shall not cause the proceedings to become moot. Such release of petitioner shall not change the venue of the proceedings out of the circuit court in which they were commenced and shall not affect the power of such court to transfer the proceedings as provided in subsection (4) of this section.

"(4) Whenever petitioner is imprisoned in a Department of Corrections institution and the circuit court for the county in which the petitioner is imprisoned finds that the

hearing upon the petition can be more expeditiously conducted in the county in which the petitioner was convicted and sentenced, the circuit court upon its own motion or the motion of a party may order the petitioner's case to be transferred to the circuit court for the county in which petitioner's conviction and sentence were rendered. Such an order shall not be reviewable by any court of this state."

■ Petitioner assigns error to the court's dismissal of his petition. He argues that post-conviction is a civil proceeding and, except to the extent otherwise specifically provided for in ORS chapter 138, is governed by the law pertaining to civil proceedings in general. *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992). He contends that a statute that establishes a place of trial should be treated as one providing for venue, unless there is limiting language. *Place v. Friesen Lumber*, 258 Or 98, 481 P2d 617 (1971). He argues that, because there is no limiting language in ORS 138.560, the statute provides for venue, and the court should have changed venue instead of dismissing the petition for lack of jurisdiction. *Mack Truck, Inc. v. Taylor*, 227 Or 376, 382, 362 P2d 364 (1961).

The state's position is that the issue presented by the case is not one of jurisdiction but, rather, whether a circuit court has authority to dismiss a petition that is filed in the wrong county and names the wrong defendant. However, jurisdiction must be resolved, and we agree with petitioner that ORS 138.560 is not jurisdictional. In *Mueller*, 314 Or at 620 n 5, the Supreme Court noted that the circuit court has jurisdiction over post-conviction claims. The opinion does not suggest that jurisdiction depends on the filing requirements of ORS 138.560(1). Furthermore, ORS 138.560(3) demonstrates that where the petition is to be filed is a question of venue: It provides that release from incarceration shall not change the *venue* of the proceedings out of the circuit court in which they were commenced. Furthermore, finding the filing requirement to be jurisdictional would be antithetical to the policy that treats the circuit court of the state as a single entity rather than as a group of separate courts with the same title but differing jurisdiction, and treats apportionment of circuit courts' business as a matter of venue rather than as a matter of jurisdiction. *See Place*, 258 Or at 102 n 2 (stating policy).

The state argues that the court did not err in dismissing petitioner's petition because it should have been filed in Marion County and, under ORS 138.570,[1] should have named as defendant the Superintendent of OSCI instead of the State of Oregon.[2] The state contends that the case is governed by the specific provisions of the Post-Conviction Hearing Act, under which it is not clear that there is any mechanism for a court to transfer a case *from* the county of conviction *to* the county where the petitioner is imprisoned: ORS 138.560 authorizes a transfer from the county of imprisonment but not to the county of imprisonment. Therefore, the state argues, the legislature may well have intended to limit transfers.

The language of ORS 138.560(4) is not exclusive, and neither the text nor context suggests that, by providing for a transfer from the county of imprisonment, the legislature intended to limit the court's authority to otherwise order a change of venue. *See* ORS 14.110 *et seq* (allowing courts to

---

[1] ORS 138.570 provides:

"If the petitioner is imprisoned, the petition shall name as defendant the official charged with the confinement of petitioner. If the petitioner is not imprisoned, the defendant shall be the State of Oregon. Whenever the defendant is the superintendent of a Department of Corrections institution, the Attorney General shall act as the superintendent's attorney in the proceedings. Whenever the defendant is some other official charged with confinement of petitioner, the district attorney of the county wherein the petitioner is imprisoned shall be the attorney for the defendant. Whenever petitioner is not imprisoned, counsel for the State of Oregon as defendant shall be the district attorney of the county in which petitioner's conviction and sentence were rendered. Whenever the petitioner is released from imprisonment during the pendency of any proceedings pursuant to ORS 138.510 to 138.680, the State of Oregon shall be substituted as defendant. Upon such substitution, counsel for the original defendant shall continue to serve as counsel for the substituted defendant."

[2] Petitioner did not argue that, under ORS 138.560, he could file his petition in Washington County. The state explained its position:

"Petitioner appears to acknowledge that Marion County was the proper county in which to file the petition. He does not argue that ORS 138.560 requires filing a petition in the county where petitioner is imprisoned only if the imprisonment is by virtue of the conviction on which petitioner seeks post-conviction relief. Petitioner's incarceration in Marion County is on charges other than the Washington County conviction on which he seeks post-conviction relief, but ORS 138.560 makes no distinction between incarceration on the charge attacked in the petition and incarceration on unrelated charges. If petitioner is 'imprisoned' in any county for any reason, that county is where ORS 138.560 requires his petition to be filed."

We need not decide whether that interpretation of ORS 138.560 is correct.

change place of trial under certain circumstances). The state argues, however, that, "more fundamentally," even if the Washington County court had the authority to transfer the case, petitioner could prevail only on a showing that he was *entitled* to such a transfer as a matter of right.

In *Mueller*, the Supreme Court held that a petition, incorrectly labeled as one for habeas corpus rather than post-conviction relief, clearly stated claims cognizable in a post-conviction proceeding and should be liberally construed as requesting post-conviction relief under ORCP 12. ORCP 12 B provides that, at every stage of the proceedings, the court shall disregard errors in the pleadings or proceedings that do not affect a substantial right of an adverse party. The state argues, however:

> "[T]he defect in this case is not a mere mislabelling of some inconsequential portion of the petition * * *. Rather, the defect in this case is that the petition is filed in a court that is not authorized, under ORS 138.560, to hear it, and that could only be authorized to hear it if it had been properly transferred under ORS 138.560(4) from the county of imprisonment to the county of conviction. It is not incumbent upon the state, as defendant, to move to repair defects in petitioner's petition, by moving to transfer the petition to the correct county or otherwise. The state is entitled to move to dismiss the petition instead, and the circuit court had authority to dismiss it."

We do not dispute that a circuit court has the authority under appropriate circumstances to dismiss a post-conviction petition for pleading defects. However, its power to do so is circumscribed by a showing that a substantial right of the adverse party has been affected. Although the state is correct that it is not incumbent on it to repair defects in petitioner's petition, it is incumbent on it to show how those defects have affected its substantial rights. *See Mueller*, 314 Or at 621 n 6 (state must show how it is prejudiced by mislabeled post-conviction petition).

The post-conviction court dismissed the petition on the ground that it was without jurisdiction and made no findings that the defects in the pleadings and filing prejudiced the state. The state does not claim that a transfer to Marion County or a substitution of the proper party defendant would

affect its defense of petitioner's claim. The state does not point to any substantial right that the defects affected, and the court erred in dismissing the petition.

■ Petitioner also assigns error to the court's denial of his motion for a default judgment. We do not agree with petitioner that he was "entitled" to have his motion granted, because the state did not appear within 30 days after he filed his petition, as required by ORS 138.610. Under ORS 138.610, the court may extend the time for filing any pleading other than the original petition. The court extended that time here by allowing the state to file a motion to dismiss. Given the errors in petitioner's petition and the questions as to the court's authority over the petition, we find no abuse of discretion in the court's denial of petitioner's motion.

Reversed and remanded.