1998 ND 35

**Kyle Kenneth BELL, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Civil No. 970212.**

Supreme Court of North Dakota.

Feb. 12, 1998.

Joe A. Johnson, Fargo, for petitioner and appellant.

Stephen R. Dawson, Assistant State's Attorney, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Kyle Bell appeals from an order of the Cass County District Court denying his application for default judgment and an order dismissing an amended application for post-conviction relief. We affirm.

I

[¶ 2] Kyle Bell was convicted of two counts of gross sexual imposition and two counts of use of a minor in sexual performance, class B felonies, and sentenced under an amended criminal judgment and commitment dated June 16, 1995. Bell appealed the conviction and sentence; both were affirmed. *State v. Bell*, 540 N.W.2d 599 (N.D.1995). Bell applied for post-conviction relief on his own behalf; his application was dated January 19, 1996. Bell also made an application for court-appointed counsel dated January 19, 1996. Both applications were filed in the Cass County Clerk of District Court's office

on January 22, 1996, as shown by date stamp. On February 7, 1996, Bell's requests for post-conviction relief and court-appointed counsel were summarily denied.

[¶ 3] On February 23, 1996, Bell again applied for courtappointed counsel and filed an amended application for post-conviction relief. Both applications were filed with the clerk of court on February 28, 1996. On April 2, 1996, Bell made yet another application for court-appointed counsel, along with a petition for writ of mandamus, filed in the clerk of court's office April 4, 1996. Bell's applications for court-appointed counsel were all accompanied by applications requesting to proceed in forma pauperis. Apparently, though not reflected in the record, counsel was appointed for Bell on approximately June 27, 1996.

[¶ 4] On July 1, 1996, the State moved for an extension of time to respond to Bell's application for post-conviction relief. The State's Attorney claimed its office was not notified by the clerk of court's office of Bell's application until June 13, 1996.[1] On July 8, 1996, the trial court granted the State an extension until August 1, 1996, to respond to Bell's application.

[¶ 5] The State failed to respond by August 1, 1996. On October 10, 1996, Bell's counsel filed a Notice and Application for Default Judgment. The court scheduled a hearing on the application for default judgment on October 21, 1996. On October 18, 1996, the State resisted the default and moved to dismiss.

[¶ 6] For some unexplained reason, the hearing on Bell's application for default judgment did not occur until March 10, 1997. Due to his incarceration, Bell was not present at the hearing and his attorney did not request Bell be allowed to attend. The trial court denied Bell's motion for default judgment and proceeded to hear the State's motion to dismiss Bell's application. Bell's application for post-conviction relief was dismissed on March 27, 1997. This appeal followed.

[¶ 7] During oral argument on appeal, the State acknowledged the statutory requirement for the clerk of court to forward each application for post-conviction relief to the State's Attorney's office.[2] The State also acknowledged N.D.C.C. § 29–32.1–06(1) requires the State to respond to applications within thirty days after the application is docketed with the clerk of court.

## II

[¶ 8] Bell argues the trial court erred in denying his motion for default judgment on his application for post-conviction relief. He bases the argument on Rule 55, N.D.R.Civ. P., and also on the language of N.D.C.C. § 29–32.1–06.

## A

[¶ 9] Bell initially contends the trial court abused its discretion in denying his motion for default judgment on his application for post-conviction relief when the State twice failed to respond in a timely manner. His contention is based on the premise that because post-conviction relief is treated as a civil action, and because the State failed to respond to his application within the required time, his application should be deemed meritorious under Rule 55, N.D.R.Civ.P. We disagree.

[¶ 10] Proceedings for post-conviction relief are civil in nature. *McMorrow v. State*, 516 N.W.2d 282, 283 (N.D.1994). We have stated, in post-conviction relief proceedings, "all rules and statutes applicable in civil proceedings, including pretrial and discovery

---

1. In oral argument on appeal, counsel asserted the State's Attorney's office did not receive Bell's application from the clerk of court until June 13, 1996. However, counsel conceded there was no date stamp on the application received in his office, even though all documents that come into the office are supposed to be date stamped.

2. The Uniform Post–Conviction Procedure Act places significant responsibility on the clerk of court besides the usual filing duties. N.D.C.C.

§ 29–32.1–03(5) requires the clerk to deliver a copy of the application to the State's Attorney. N.D.C.C. § 29–32.1–03(6) requires the clerk to inform any applicant who is not represented by an attorney that counsel may be available and the procedure for obtaining counsel. In *State v. DeCoteau*, 464 N.W.2d 605 (N.D.1990), we held failure to inform the applicant of such information was reversible error.

procedures, are available to the parties." *State v. Wilson,* 466 N.W.2d 101, 103 (N.D. 1991); *see also State v. Skjonsby,* 417 N.W.2d 818, 820 (N.D.1987) (recognizing rules and statutes for civil proceedings apply in post-conviction relief cases). This Court has not yet applied Rule 55, N.D.R.Civ.P., to cases involving post-conviction relief.

[¶ 11] Rule 55 allows entry of judgment against a party who has defaulted by his failure "to plead or otherwise appear." Rule 55(a), N.D.R.Civ.P. However, default alone is not enough to obtain judgment under the rule. *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2685 (2d ed.1983). Under Rule 55, the party requesting the judgment by default is required to offer proof showing entitlement to the relief sought. Rule 55(a)(2) and (c), N.D.R.Civ.P. The entry of default judgment rests within the discretion of the trial court. 10 WRIGHT, A. MILLER, § 2685, *supra.* While other jurisdictions[3] have recognized or considered default judgment proceedings in post-conviction relief actions, we need not decide today whether Rule 55 applies to post-conviction proceedings in this state. Even if Rule 55 does apply, the petitioner has not shown he is entitled to relief under the rule. Rule 55(a)(2), which applies to claims that are not for a set sum of money, states: "the court, before directing the entry of judgment, shall require such proof as may be necessary to enable it to determine and grant the relief, if any, to which the plaintiff may be entitled." Under subsection c: "No judgment by default may be entered against the state ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The trial court has broad discretion in determining the quality of proof necessary to support granting a default judgment. *Overboe v. Odegaard,* 496 N.W.2d 574, 578 (N.D.1993).

[¶ 12] In his motion for default judgment, Bell asserted the State had failed to respond within the time frame under N.D.C.C. § 29–32.1–06 or within the extension of time granted by the trial court. The fact the State failed to respond within thirty days of the initial application or within the extension granted by the trial court is not in dispute.

[¶ 13] Bell's motion for default judgment had no affidavits or other offers of proof attached. Bell's motion asked the trial court to grant the relief Bell had sought in his application for post-conviction hearing; in effect, Bell relied on his earlier application to prove his default judgment claim. Bell supported his application for post-conviction relief only with his own allegations. Bell did not offer other affidavits, records, or evidence. Bell's application, because it was subscribed and sworn to, serves as an affidavit.[4]

---

3. Other jurisdictions have considered default judgments in post-conviction relief actions. *See Johnson v. State,* 112 Idaho 1112, 739 P.2d 411, 413–14 (App.1987) (affirming denial of motion for default judgment under Rule 55, I.R.C.P.); *Smith v. State,* 878 P.2d 375, 378 (Okl.Cr.1994) (affirming denial of motion for default judgment) (limited on other grounds by *Hatch v. State,* 924 P.2d 284, 295 n. 10 (Okl.Cr.1996); *Phelps v. State,* 136 Or.App. 363, 901 P.2d 965, 968 (1995)) (holding no abuse of discretion in denying motion for default judgment); *Caristo v. Sullivan,* 112 N.M. 623, 818 P.2d 401, 406–07 (1991) (recognizing default judgment may be appropriate in post-conviction habeas corpus petitions, even though the jurisdiction no longer recognizes such actions to be civil proceedings); *Shoulders v. State,* 462 N.E.2d 1034, 1035–36 (Ind.1984) (affirming trial court's ruling requiring petitioner to present evidence following the granting of his motion for default judgment); *Anderson v. State,* 835 S.W.2d 40, 42 (Tenn.Cr. App.1992) (stating trial court did not abuse its discretion by permitting a late answer in a case in which the petitioner had sought default judg-

ment); *State v. Darden,* 64 Ohio App.3d 691, 582 N.E.2d 1065, 1067 (6 Dist.1989) (affirming denial of motion for default without deciding whether Rule 55(A), Ohio Rule of Civil Procedure, applies in post-conviction relief actions). *But see, State v. Johnson,* No. 96CA2441, 1997 WL 200758, at *2 (Ohio App. 4 Dist.) (unpublished opinion) (stating default judgment was not available in post-conviction relief proceeding when trial court was required by statute to review entire record on petition); *People v. Barker,* 258 Ill. App.3d 323, 196 Ill.Dec. 549, 630 N.E.2d 484, 485–86 (1994) (reversing trial court for immediately proceeding on the merits of post-conviction application after denying default judgment); *Furgison v. State,* 217 N.W.2d 613, 618 (Iowa 1974) (deciding default procedures serve no useful purpose in the post-conviction review process).

4. Affidavits supporting a post-conviction relief application are not required to be filed with the application under N.D.C.C. § 29–32.1–04(2). *See also Hopfauf v. State,* 1998 ND 30, ¶ 8, n. 2, ¶¶ 14–15, 575 N.W.2d 646 (Neumann, J., concur-

2A C.J.S., Affidavits, § 5 (1972). Bell's sworn statement contains numerous conclusory allegations of prosecutorial misconduct, misconduct by the attorney who represented him at sentencing, and judicial misconduct, along with a laundry list of other alleged wrongs. Bell, however, has not offered anything in addition to this sworn statement to support his claim, and that statement is convoluted, confused, and confusing.

[¶ 14] We review Bell's "affidavit" to determine if he has asserted any factual bases to support his claims. Bell claims the prosecutor made false statements at the preliminary hearing and disclosed confidential and false information to the media. Those claims are conclusory in nature and are not supported with facts.

■ Bell claims his counsel failed to file a motion for change of venue as he requested. Even if this assertion is true, it is irrelevant, because Bell could not be prejudiced by his attorney's failure to file a motion for change of venue, when he had voluntarily pled guilty. As we have often stated, generally, voluntarily pleading guilty waives all nonjurisdictional defects allegedly occurring before the guilty plea. *See State v. Olson*, 544 N.W.2d 144, 146 (N.D.1996); *State v. Keyes*, 536 N.W.2d 358, 360 (N.D.1995); *State v. Slapnicka*, 376 N.W.2d 33, 35 (N.D.1985). By pleading guilty, Bell effectively waived any possible venue defect.

■ [¶ 15] Bell claims he should not have received the maximum sentence because he had pled guilty, he had requested mercy of the court, he had found other similar cases without such harsh sentences, and Bell had been told by an officer that he would try to get Bell a break. All of these allegations are irrelevant. Bell was sentenced to the maximum authorized by law. He is not entitled to any relief for such sentence under N.D.C.C. ch. 29–32.1. Section 29–32.1–01(1)(d) states: "A person who has been convicted of and sentenced for a crime may institute a proceeding applying for relief under this chapter upon the ground that: . . .

(d) The sentence is not authorized by law." Even if Bell's allegations regarding sentencing are true, they are not a basis for relief under the statute.

[¶ 16] Bell claims the trial court failed to acknowledge a state hospital report in sentencing him. He also claims he has new witnesses that would benefit his case. Both claims are conclusory in nature, giving no factual basis of what information the report would have provided or the names of any witness he would call.

■ [¶ 17] Bell claims other inmates mistreated him by inflicting physical, mental, and emotional abuse on him. He further claimed the treatment program at the state penitentiary was inadequate. These claims are also irrelevant. Section 29–32.1–01(2), N.D.C.C., specifically excludes these types of claims in a post-conviction relief action, stating: "A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence." Clearly, Bell's mistreatment and inadequate treatment program claims are irrelevant to an application for post-conviction relief.

■ [¶ 18] Bell claims he was deprived due process. In support, Bell repeats his conclusory allegations of false statements and disclosures to the media. Bell's conclusory statements do not become factual by making them part of a due process claim. Legal arguments cannot be considered factual and should not be properly considered as part of an affidavit, and are therefore irrelevant. *See* 2A C.J.S., Affidavits, § 43.

■ [¶ 19] Finally, Bell claims the Cass County State's Attorney's office improperly refused to charge out a case on his complaint. Bell's claim is completely irrelevant to his conviction, and no relief for such a claim is enumerated under N.D.C.C. § 29–32.1–01. Bell alleges the prosecutor's treatment of him violated his equal protection rights. Bell has no right to force the State's Attorney to prosecute anyone. The State's Attorney has

ring) (discussing evidentiary requirements under ch. 29–32.1, N.D.C.C.). However, by bringing a

motion for default, Bell had the burden of showing he was entitled to the relief requested.

prosecutorial discretion on whether to charge a crime. *See State v. Hondl,* 506 N.W.2d 404, 407, n. 4 (N.D.1993); *Keidel v. Mehrer,* 464 N.W.2d 815, 817–18 (N.D.1991).

[¶ 20] Bell's "affidavit" provides no factual support for his claims for relief.

[¶ 21] We do not believe the trial court abused its discretion in denying default judgment when the petitioner has failed to offer adequate proof establishing entitlement to relief. Because Bell would have failed under Rule 55, N.D.R.Civ.P., if it indeed applied, we need not decide whether it does apply to post-conviction proceedings.

### B

■ [¶ 22] Bell also asserts he was entitled to default judgment under N.D.C.C. § 29–32.1–06 because the State failed to respond within thirty days after his application was docketed. Again, we disagree.

[¶ 23] Both counsel for Bell and the State conceded at oral argument that this case is procedurally unusual. The clerk of court failed to promptly notify the State's Attorney of the filing of the application. The State's Attorney's office failed to date stamp their copy of the application upon receipt, even though the office policy is to date stamp all incoming documents. It appears the State's Attorney's office simply neglected its duty, failed to respond promptly to the application after it finally was received, and failed to timely comply with the court's extension of time to respond.

[¶ 24] These irregularities, although serious and distressing, and perhaps potential grounds for mandamus or even sanctions, nevertheless, do not require reversal of the trial court's decision in this post-conviction proceeding. Chapter 29–32.1, N.D.C.C., the Uniform Post–Conviction Procedure Act, governs applications for post-conviction relief. Under N.D.C.C. § 29–32.1–03(1): "A proceeding is commenced by filing an application with the clerk of court in which the conviction and sentence took place." Subsection 5 requires the clerk to file the application, enter it on the docket, and deliver a copy to the State's Attorney. N.D.C.C. § 29–32.1–03(5). Section 29–32.1–06(1),

N.D.C.C., states: "Within thirty days after the docketing of an application or within *any further time the court may allow,* the state shall respond by answer or motion." (Emphasis added.) Clearly, the statute gives the court discretion to allow more than thirty days for the State to respond.

[¶ 25] While we do not condone the State's Attorney's failure to respond in a timely manner, we also do not believe the court abused its discretion by allowing the State time to respond when the clerk of court had failed to promptly forward the application to the State's Attorney's office. Other jurisdictions with similar statutes have denied motions for default judgment based on the discretion permitted by the language of the statute. *Smith v. State,* 878 P.2d at 378 (allowing the State to respond after the thirty day time period, ruling the time limit is not mandatory, but discretionary); *Phelps v. State,* 901 P.2d at 968 (holding no abuse of discretion in a case in which the trial court was authorized under statute to extend the time for filing any pleading other than the original application); *Thomas v. State Board of Parole,* 220 N.W.2d 874, 877 (Iowa 1974) (holding no abuse of discretion in allowing extension beyond the thirty-day statutory period).

[¶ 26] The South Carolina Supreme Court has interpreted its post-conviction relief statute, which, like ours, requires the State to respond within thirty days or within any further time the court may allow. *Guinyard v. State,* 260 S.C. 220, 195 S.E.2d 392, 394 (1973). In *Guinyard,* the State failed to respond to the petitioner's post-conviction relief application for nearly six months. *Id.* The Supreme Court stated the statute specifically grants the trial court authority to extend the time for filing any pleading. *Id.* Therefore, the thirty-day time limit is not mandatory, but discretionary with the trial court. *Id.*

[¶ 27] In *State v. Darden,* an Ohio Appellate Court characterized post-conviction relief actions as "purely statutory," even though characterized as civil in nature. *Darden,* 582 N.E.2d at 1067. As in North Dakota, the Ohio post-conviction relief statutes did not provide for default judgment. *Id.* With-

out deciding whether Rule 55 applied, the Ohio court recognized the petitioner failed to provide any grounds for relief in his petition, and it held a default judgment was unwarranted. *Id.*

[¶ 28] Bell's case is factually analogous to an Idaho case in which the prosecutor initially failed to respond to a petition for post-conviction relief because the clerk failed to deliver the papers to the prosecutor's office. *Johnson v. State*, 112 Idaho 1112, 739 P.2d 411, 414 (App.1987). In *Johnson*, the petition sat for nearly two years before default was denied. *Id.*, 739 P.2d at 412–13. *Johnson* was decided on Rule 55, and not on the statutory language, but the analysis of abuse of discretion is essentially the same under either the rule or the statute. *Id.*, 739 P.2d at 413–14. *Johnson* held there was no abuse of discretion in refusing to grant default judgment when the petitioner was unable to show how the delay prejudiced the proceedings. *Id.*, 739 P.2d at 414.

[¶ 29] Bell asserts he was prejudiced because he remained incarcerated throughout the pendency of this matter. His assertion is without merit. Because his claim failed on its merits, he cannot claim he was prejudiced by his incarceration while the application for default was pending.

[¶ 30] Section 29-32.1–06(1), N.D.C.C., allows the trial court discretion to extend the time to respond beyond the thirty-day period. Because Bell has failed to adequately show he suffered any prejudice from the State's untimely response, it was not an abuse of discretion for the trial court to deny his request for default judgment.

### III

[¶ 31] We next decide whether the trial court abused its discretion in directly proceeding with the hearing on the State's motion to dismiss Bell's application for post-conviction relief after it denied Bell's application for default judgment.

[¶ 32] Bell argues he was prejudiced when the trial court, after denying the default application, immediately proceeded to hear the motion to dismiss because: (1) he believed the court was only hearing the application for

default judgment; (2) his counsel was not prepared to argue the merits of the case; and, (3) his counsel had not arranged for him to be transported from prison to be present at the hearing. Bell's arguments fail.

[¶ 33] The State moved to dismiss as part of its written response to Bell's application for default judgment on October 18, 1996. This filing put Bell on notice of the State's motion to dismiss. At the hearing, held nearly five months later on March 10, 1997, the trial court specifically addressed both Bell's application and the State's motion before proceeding. The court stated: "There is a—an application for default judgment the Court has before it. There is a motion to dismiss that's been filed by the State, and I trust you gentlemen are ready to proceed?" Bell's counsel responded affirmatively.

[¶ 34] "We have often stated that a failure to object at the time an alleged irregularity occurs acts as a waiver of the claim of error." *State v. Dymowski*, 459 N.W.2d 777, 780 (N.D.1990). The error may still provide a basis of reversal, despite the waiver if it constitutes obvious error affecting a substantial right. *Id.* Here, Bell's counsel not only failed to object, but specifically agreed he was ready to proceed. We do not think it can be obvious error for a judge to proceed when the parties agree they are ready. Bell had notice, adequate time to prepare his case, and should have been ready to proceed on the State's motion to dismiss his application for post-conviction relief.

[¶ 35] Even if Bell's counsel had objected, the trial court did not abuse its discretion in addressing the State's motion to dismiss Bell's application. The State's motion to dismiss was a motion for summary disposition under N.D.C.C. § 29-32.1–09(1). Under this section, "the trial court may summarily dismiss the petition if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Mertz v. State*, 535 N.W.2d 834, 835 (N.D. 1995). This procedure is similar to summary judgment under Rule 56, N.D.R.Civ.P., and will be reviewed under the same standard. *Id.*

[¶ 36] We realize the party opposing a motion for summary disposition is entitled to all reasonable inferences and should be given an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Id.* at 836. If the moving party shows there is no genuine issue of material fact, the burden shifts to the other party to show there is one. *Id.* The party opposing the motion must present competent admissible evidence by affidavit or other comparable means, he may not merely rely on unsupported conclusory allegations. *Id.*

[¶ 37] Bell, by relying on the sworn statement in his application for post-conviction relief, failed to meet his burden. Bell's affidavit did not provide facts to support his claims. Bell argues that if afforded an evidentiary hearing, he would be in attendance to testify why he is entitled to relief. Bell's argument shows he misunderstands the summary disposition procedure. The burden was on Bell, "as the party opposing the motion for summary disposition, to present competent admissible evidence which raised a genuine issue of material fact." *Mertz*, 535 N.W.2d at 837. Without such evidence presented by affidavit, Bell could not withstand the State's motion to dismiss.

### IV

[¶ 38] We affirm the trial court's order denying Bell's application for default judgment, and its order dismissing Bell's application for post-conviction relief.

[¶ 39] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

