Filed 9/27/05 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2005 ND 160

State of North Dakota, Plaintiff and Appellee

v.

Paul Dean Oie, Defendant and Appellant

No. 20050031

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Richard W. Grosz, Judge.

AFFIRMED.

Per Curiam.

Don R. Krassin (submitted on brief), Town Centre Square, 500 Dakota Avenue, Suite 240, Wahpeton, ND 58075-4436, for defendant and appellant.

Ronald W. McBeth (submitted on brief), Assistant State’s Attorney, Law Enforcement Center, 413 3
rd
 Avenue N., Wahpeton, ND 58075, for plaintiff and appellee.

State v. Oie

No. 20050031

Per Curiam.

[¶1] Paul Dean Oie appeals from a criminal judgment and commitment sentencing him to fifteen-years imprisonment, five years suspended, for two counts of Gross Sexual Imposition under N.D.C.C. § 12.1-20-03(2)(a).  Oie entered 
Alford
 guilty pleas, 
North Carolina v. Alford
, 400 U.S. 25 (1970), on each count but argues that a factual basis was not established for Count Two.  The record reflects the district court made an open court inquiry into the factual basis and additionally supplemented such basis with information contained in the pre-sentence investigation report.  A factual basis is to be established to the district court’s satisfaction, 
Kaiser v. State
, 417 N.W.2d 175, 178 (N.D. 1987), and may be provided by a pre-sentence investigation report.  
Froistad v. State
, 2002 ND 52, ¶ 23, 641 N.W.2d 86.  The standard of review for withdrawing a guilty plea after sentencing is “abuse of discretion.”  
State v. Mortrud
, 312 N.W.2d 354, 359 (N.D. 1981).

[¶2] Concluding the district court did not abuse its discretion in accepting the guilty plea and a controlling decision by this Court is dispositive, we summarily affirm the criminal judgment and commitment under N.D.R.App.P. 35.1(a)(4) and (7).

[¶3] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom