2007 ND 121

**Steven Allen RAHN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20070022–20070024.**

Supreme Court of North Dakota.

July 25, 2007.

Steven Allen Rahn, pro se, Mandan, N.D., petitioner and appellant.

Cynthia Mae Feland, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Steven Rahn has appealed from district court orders denying his motion for correction or reduction of sentence and denying his application for post-conviction relief. We dismiss Rahn's appeal from the order denying his motion for correction or reduction of sentence, concluding we do not have jurisdiction. We affirm the order denying post-conviction relief, concluding the relief sought by Rahn is not available through post-conviction proceedings.

I

[¶ 2] Rahn was charged with driving under revocation, his eighth such offense within five years. In addition, the State filed petitions to revoke his probation on prior convictions for driving under revocation and driving under the influence. At a June 29, 2006, hearing, Rahn pleaded guilty to driving under revocation and admitted the allegations in the petitions to revoke his probation. The court initially sentenced Rahn to serve one year at the Burleigh County Detention Center in each case, with the sentences to run concurrently. After counsel for both the State and Rahn suggested it might be preferable to have Rahn serve his sentence with the North Dakota Department of Corrections in order for Rahn to receive treatment for his hepatitis C, the court ordered that Rahn serve his sentence with the Department of Corrections.

[¶ 3] After being incarcerated, Rahn was informed by prison officials that he did not meet the Department of Corrections' protocol for hepatitis treatment. On September 7, 2006, Rahn filed a motion for correction or reduction of sentence under N.D.R.Crim.P. 35, arguing that his failure to receive hepatitis treatment at the penitentiary warranted a reduction in his sentence to time served and seeking immediate release from custody. The court denied Rahn's motion in an order entered on September 21, 2006. Rahn did not file a timely appeal from that order.

[¶ 4] On December 6, 2006, Rahn filed an application for post-conviction relief, again arguing that the State's failure to provide treatment for his hepatitis C entitled him to relief, including immediate release from custody. By an order dated December 20, 2006, the court denied Rahn's motion.

[¶ 5] On January 3, 2006, Rahn filed a notice of appeal from the orders denying his motion for correction or reduction of sentence and his application for post-conviction relief.

II

[¶ 6] Rahn has attempted to appeal from the district court order denying his motion to correct or reduce his sentence under N.D.R.Crim.P. 35.

[¶ 7] Before we can consider the merits of an appeal, we must have jurisdiction. *City of Grand Forks v. Lamb*, 2005 ND 103, ¶ 5, 697 N.W.2d 362. The right of appeal in a criminal case is statutory and is a jurisdictional matter that we will consider sua sponte. *Id.*; *State v. Steen*, 2003 ND 116, ¶ 5, 665 N.W.2d 688; *State v. Gwyther*, 1999 ND 15, ¶ 17, 589 N.W.2d 575. If there is no right to appeal, we are without jurisdiction to consider the merits and must dismiss the appeal. *Lamb*, at ¶ 5; *Gwyther*, at ¶ 17. Appeals in criminal cases are governed by N.D.C.C. ch. 29–28, and under N.D.C.C. § 29–28–06(5) a defendant may appeal from an "order made after judgment affecting any substantial right of the party." *See Steen*, at ¶ 5.

[¶ 8] Rahn moved for correction or reduction of his sentence under N.D.R.Crim.P. 35. There are two parts to the rule: the first subsection permits cor-

rection of an illegal sentence and the second subsection permits the court to reduce the sentence. *State v. Gunwall*, 522 N.W.2d 183, 184 (N.D.1994). A motion for reduction of a sentence under N.D.R.Crim.P. 35(b) is not a matter of right, but is an application for leniency which is left within the sound discretion of the trial court. *Gunwall*, at 184; *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73, 76 (N.D.1981). Accordingly, an order denying a motion for reduction of sentence under N.D.R.Crim.P. 35(b) does not affect a substantial right and is not appealable, and we must dismiss that part of the appeal. *State v. Halton*, 535 N.W.2d 734, 736 (N.D.1995); *Gunwall*, at 184–85.

[¶ 9] Rahn's motion also sought correction of his sentence under N.D.R.Crim.P. 35(a). This Court has held that an order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable. *Steen*, 2003 ND 116, ¶ 6, 665 N.W.2d 688; *State v. Johnson*, 1997 ND 235, ¶ 6, 571 N.W.2d 372; *Ostafin v. State*, 1997 ND 102, ¶ 12, 564 N.W.2d 616; *Gunwall*, 522 N.W.2d at 185.

[¶ 10] An appeal must, however, also be timely to confer jurisdiction upon this Court. The timely filing of a notice of appeal is mandatory and jurisdictional, and cannot be waived by the appellate court. *E.g., State v. DuPaul*, 527 N.W.2d 238, 243 (N.D.1995); *McMorrow v. State*, 516 N.W.2d 282, 283 (N.D.1994); *State v. Guthmiller*, 497 N.W.2d 407, 408 (N.D. 1993). An appeal from an order denying a motion to correct an illegal sentence must be filed within thirty days of entry of the order. N.D.R.App.P. 4(b)(1)(A). The subsequent filing of an application for post-conviction relief does not toll the running of the time to appeal from an earlier judgment or order. *See* N.D.R.App.P. 4(b)(3);

*Morstad v. State*, 518 N.W.2d 191, 192 (N.D.1994).

[¶ 11] The order denying Rahn's motion to correct sentence was entered on September 21, 2006. Rahn did not file a notice of appeal within thirty days of that date. Rahn later filed an application for post-conviction relief on December 6, 2006. After his application was denied, Rahn filed a notice of appeal attempting to appeal from the order denying his N.D.R.Crim.P. 35 motion for correction or reduction of sentence in addition to appealing from the order denying post-conviction relief. Rahn's attempted appeal from the order denying correction of sentence was untimely, and we are without jurisdiction and must dismiss that portion of the appeal.

### III

[¶ 12] Rahn has appealed from the order denying his application for post-conviction relief.

[¶ 13] Proceedings for post-conviction relief are governed by N.D.C.C. ch. 29–32.1. *Bell v. State*, 1998 ND 35, ¶ 24, 575 N.W.2d 211. The provisions of that chapter are expressly unavailable to seek relief for an inmate's custodial treatment after he is incarcerated:

> A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

N.D.C.C. § 29–32.1-01(2). In *Bell*, at ¶ 17, this Court noted that claims of inadequate treatment programs at the state penitentiary were "specifically excluded" and "irrelevant" in an action for post-conviction relief.

[¶ 14] The issues raised by Rahn on appeal from the order denying his ap-

plication for post-conviction relief are all based upon the Department of Corrections' alleged failure to provide treatment for his hepatitis C while he was incarcerated after his conviction and revocation of probation. Rahn also claims constitutional violations based upon failure to provide treatment and sought money damages from numerous state officials and employees in his post-conviction application and on appeal. There are other avenues of relief available for such claims. *See Ennis v. Dasovick*, 506 N.W.2d 386 (N.D.1993) (action brought under 42 U.S.C. § 1983 for failure to provide medical treatment). Post-conviction proceedings, however, are an inappropriate vehicle to raise such claims. N.D.C.C. § 29–32.1–01(2); *Bell*, 1998 ND 35, ¶ 17, 575 N.W.2d 211.

[¶ 15] We conclude the district court did not err in denying Rahn's application for post-conviction relief.

## IV

[¶ 16] We have considered the remaining issues and arguments raised by the parties and find them either unnecessary to our decision or without merit. We dismiss the appeal from the order denying Rahn's motion for correction or reduction of his sentence, and we affirm the order denying his application for post-conviction relief.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.