2010 ND 229

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Anthony James MOORE, Defendant and Appellant.**

No. 20100238.

Supreme Court of North Dakota.

Dec. 2, 2010.

Rehearing Denied Dec. 21, 2010.

Birch Peterson Burdick (on brief), State's Attorney, Fargo, N.D., for plaintiff and appellee.

Anthony James Moore (on brief), self-represented, North Dakota State Penitentiary, Bismarck, N.D.

KAPSNER, Justice.

[¶ 1] Anthony James Moore appeals from an order denying his "Motion for Order to Review the Conviction and Sentence." We conclude the district court's order is appealable, and we affirm the denial of Moore's motion because his claims are barred by res judicata and misuse of process.

I

[¶ 2] In 2001, Moore was found guilty of class A felony gross sexual imposition and was sentenced to 20 years in prison. Since then, Moore has filed numerous unsuccessful motions and appeals in federal and state courts challenging his conviction and sentence. *See, e.g., Moore v. Schuetzle*, 2008 WL 4745223 (D.N.D. Oct. 29, 2008); *Moore v. State*, 2006 ND 8, 711 N.W.2d 606; *State v. Moore*, 2005 ND 159, 704 N.W.2d 573; *State v. Moore*, 2003 ND 83, 662 N.W.2d 263.

[¶ 3] In July 2010, Moore filed a "Motion for Order to Review the Conviction and Sentence," claiming the evidence was insufficient to support his conviction of class A felony gross sexual imposition, the jury instructions were erroneous because they contained the term "willfully," and the crime for which he was convicted did not require him to register as a lifetime sex offender. The State filed a response requesting that Moore's application for post-conviction relief be denied on the grounds of res judicata and misuse of process under N.D.C.C. § 29–32.1–12. The district court denied Moore's motion. The court interpreted Moore's motion as "requesting a Rule 35(b)[, N.D.R.Crim.P.,] motion for a reduction of sentence under the guise of a post-conviction application," and reasoned:

> These same assertions have previously been made in numerous motions that have been brought before the Court. As recent as October 19, 2009, Defendant filed a Motion for Order for Reduction of Sentence arguing the exact same claims as he does here today. On December 21, 2009, the District Court denied those claims in its Memorandum Opinion and Order, stating that the information the Defendant submitted is not new.

> Endless repeating must stop. Defendant cannot have another "bite at the apple" under the guise of asking for post-conviction relief. There is nothing new about the nature of Defendant's claims and arguments, which have been previously denied.

II

[¶ 4] The State argues Moore's appeal should be dismissed because the district court's order is not appealable.

[¶ 5] Because a N.D.R.Crim.P. 35(b) motion for reduction of sentence is an "application for leniency" left to the sound discretion of the district court, an order denying the motion does not affect a "substantial right" under N.D.C.C. § 29–

28–06(5) and, consequently, is not appealable. *Rahn v. State,* 2007 ND 121, ¶ 8, 736 N.W.2d 488; *see also State v. Halton,* 535 N.W.2d 734, 736 (N.D.1995); *State v. Gunwall,* 522 N.W.2d 183, 185 (N.D.1994).

[¶ 6] However, it is unclear to us why the district court interpreted Moore's motion as a motion for reduction of sentence under N.D.R.Crim.P. 35(b). Moore did not cite to N.D.R.Crim.P. 35(b), but alleged insufficiency of the evidence to support the conviction, improper jury instructions, and an illegal condition of his sentence. These allegations relate to legal errors that allegedly occurred during the criminal proceedings, and the State in its response suggested the motion was an application for post-conviction relief. Moore's allegation that he should not have been required to register as a lifetime sex offender could be interpreted as a request to correct an illegal sentence under N.D.R.Crim.P. 35(a), but an order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a "substantial right" and, consequently, is appealable. *Rahn,* at ¶ 9; *see also State v. Steen,* 2003 ND 116, ¶ 6, 665 N.W.2d 688; *State v. Johnson,* 1997 ND 235, ¶ 6, 571 N.W.2d 372.

[¶ 7] We are not bound by the district court's label, and may look to the substance of a motion to determine its proper classification. *See In re N.C.C.,* 2000 ND 129, ¶ 11, 612 N.W.2d 561. We conclude Moore's motion was an application for post-conviction relief, and the district court order denying the motion is appealable. *See, e.g.,* N.D.C.C. § 29–32.1–14; *McMorrow v. State,* 516 N.W.2d 282, 283 (N.D.1994).

### III

[¶ 8] Although the district court improperly treated Moore's motion as seeking a reduction of sentence under N.D.R.Crim.P. 35(b), the court reached the correct result. " '[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning.' " *State ex rel. K.B. v. Bauer,* 2009 ND 45, ¶ 10, 763 N.W.2d 462 (quoting *Sanders v. Gravel Prods., Inc.,* 2008 ND 161, ¶ 9, 755 N.W.2d 826).

[¶ 9] Under N.D.C.C. § 29–32.1–12, an application for post-conviction relief may be denied on the grounds of res judicata and misuse of process:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

   a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

   b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

"Raising an issue in a second post-conviction application that could have been raised in a prior post-conviction proceeding or other proceeding is a misuse of process." *Klose v. State,* 2008 ND 143, ¶ 10, 752 N.W.2d 192. Res judicata and misuse of process are affirmative defenses that must be raised by the State before a district court may dismiss an application for post-conviction relief on those grounds. *See Johnson v. State,* 2010 ND 213, ¶ 10.

[¶ 10] Here, the State specifically raised res judicata and misuse of process in its response to Moore's motion. The

district court noted that "[t]hese same assertions have previously been made in numerous motions that have been brought before the Court." The record reflects that Moore's claims in this case are identical to claims he made most recently in an October 2009 motion. The district court denied those claims in December 2009, and Moore did not appeal from that order. *See, e.g., St. Benedict's Health Ctr. v. North Dakota Dep't of Human Servs.,* 2004 ND 63, ¶ 12, 677 N.W.2d 202 (recognizing an unappealed district court decision may be res judicata as to the rights of the parties to that action).

[¶ 11] We conclude the district court did not err in denying Moore's motion because his claims are barred by res judicata and misuse of process.

## IV

[¶ 12] The district court order is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.