2015 ND 126

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Johnny LOWE, Defendant and Appellant.**

**No. 20140401.**

Supreme Court of North Dakota.

May 27, 2015.

526

Patricia Lea Wilson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Thomas John Glass, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Johnny Lowe appeals from a district court order denying his second Rule 35(b), N.D.R.Crim.P., motion. Lowe argues the district court erred by denying his motion to grant him credit for time served. We dismiss the appeal.

I

[¶ 2] On December 29, 2013, Lowe was booked into Morton County on Morton County case number 30–2011–CR–1042, Revocation of Probation—Possession of Methamphetamine & Possession of Drug Paraphernalia (Methamphetamine); Burleigh County case numbers 08–2013–CR–2222/2288, Failure to Appear—Driving Under Suspension & No Liability Insurance; Burleigh County case number 08–2011–CR–1792, Revocation of Probation—Possession of Methamphetamine & Possession of Drug Paraphernalia (Methamphetamine); and Norman County, Minnesota

case number 54–CR–13–280, Failure to Appear—Possession of Marijuana & DWI–Drugs. Lowe was held in Morton County Detention Center until March 3, 2014 and then was transferred to the North Dakota Department of Corrections.

[¶ 3] On March 11, 2014, Lowe was sentenced in Burleigh County cases 08–2011–CR–1792, 08–2013–CR–2222 and 08–2013–CR–2288. During the sentencing phase of Lowe's hearing, the district court explained:

"THE COURT: I'm just trying to look at your record here. Anybody know the case number in Morton County that he's sitting on?

MR. GLASS: Oh—

THE COURT: Is it 11–CR–1042 or is it a different one?

MR. GLASS: Yep, that sounds right. That has the prohibited acts, controlled substance paraphernalia.

THE COURT: Yep. So that's what he's sitting on presently presently where you got the 42–month sentence?

MR. GLASS: Yep. 42–month sentence, credit for time served.

THE COURT: Okay. All right. Then that's what I'll order on the revocation. It'll be three years with credit for time served. So the 18 months, anything else you have served since arrested on that warrant. Any fines and fees in that case are to be waived. He's going to be sitting incarcerated, so it's senseless to keep trying to get those under our belt."

[¶ 4] After revocation of Lowe's probation in Burleigh County case number 08–2011–CR–1792, an amended judgment was entered on March 13, 2014, sentencing Lowe to thirty-six months on each of the two counts and granting Lowe credit for eighteen months. The sentence was to run concurrently with Morton County case number 30–2011–CR–1042 and Burleigh County case number 08–2013–CR–2288. Lowe was sentenced in Morton County case number 30–2011–CR–1042 on March 3, 2014. He was sentenced to forty-two months, receiving credit for the two years previously spent in custody at the North Dakota Department of Corrections under the original judgment and commitment plus an additional sixty-four days as time spent in custody awaiting the hearing on the Morton County revocation.

[¶ 5] In a March 31, 2014 letter to the Burleigh County district court, Lowe requested credit for time he served on case number 08–2011–CR–1792, in Morton County, while awaiting his revocation and sentencing hearing. The State did not respond. The district court clarified the statement made at the sentencing hearing, explaining:

"The Court has reviewed the transcript of the hearing. Defendant was given credit for time served after being re-sentenced to three (3) years with eighteen (18) months credit for time served. Defendant was, prior to this case being heard resentenced in Morton County case 30–2011–CR–1042 to forty-two months (42) with credit for time served. Defendant appears to have been in custody on the Morton case until resentenced. Defendant had not appeared on this revocation until after the Morton County case was resolved. Upon being resentenced he was brought from DOCR to Burleigh County for the resentencing in this matter. Defendant did not request and the Court did not grant credit for time served waiting for the Morton County case to resolve."

The district court denied Lowe's request, explaining, "No additional credit was awarded or due Defendant."

[¶ 6] In September 2014, Lowe filed a second motion for credit for time served. The State filed a response, arguing Lowe

is entitled to credit for time served on the warrant. The district court denied Lowe's motion, explaining:

"Defendant was given credit for time served after being re-sentenced to three (3) years with eighteen (18) months credit for time served. Defendant was, prior to this case being heard resentenced in Morton County case 30–2011–CR–1042 to forty-two months (42) with credit for time served. Defendant was seen in Morton County on December 30, 2013, and a 10,000 cash bond was set on case number 30–2011–CR 1042. On March 3, 2014, Defendant was sentenced in 30–2011–CR–1042[.] On March 11, 2014, Defendant was seen and resentenced in 08–2011–CR–1792. Defendant was given credit for time served in 30–2011–Cr–1042 awaiting the revocation. The Defendant appears to have been in custody on the Morton case until resentenced[.] Defendant had not appeared on this revocation until after the Morton County case was resolved[.] The only appearance on the revocation was on March 11, 2014, for the revocation hearing. He was not seen while in custody of the Burleigh County Sheriff. Upon being resentenced he was brought from DOCR to Burleigh County for the resentencing in this matter. At the sentencing hearing Defendant did not request and the Court did not grant credit for time served waiting for the Morton County case to resolve. Defendant was sitting in Morton County Jail[.]"

The district court found, "No additional credit was awarded or due Defendant. He was held only on the Morton County case and he received credit for that time in the Morton County case[.] The Defendant has not provided any new evidence to indicate why this matter should be reviewed again[.]" Lowe appeals.

## II

[¶ 7] Our review of a criminal sentence is limited:

"A trial judge is ordinarily allowed the widest range of discretion in fixing a criminal sentence. On appeal of a claim that a sentence is excessive or incorrect, this court has no power to review the discretion of a sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is confined to determining whether the judge acted within the limits prescribed by statute, or substantially relied on an impermissible factor."

*State v. Ennis*, 464 N.W.2d 378, 382 (N.D. 1990) (internal citations omitted).

## III

[¶ 8] Lowe moved for reduction of his sentence under N.D.R.Crim.P. 35. "There are two parts to the rule: the first subsection permits correction of an illegal sentence and the second subsection permits the court to reduce the sentence." *Rahn v. State*, 2007 ND 121, ¶ 8, 736 N.W.2d 488. "We have said that reduction of a sentence under Rule 35(b) is not a right but an application for leniency, and is a matter left to the sound discretion of the trial court." *State v. Gunwall*, 522 N.W.2d 183, 184 (N.D.1994). "[A]n order denying a motion for reduction of sentence under N.D.R.Crim.P. 35(b) does not affect a substantial right and is not appealable." *Rahn*, at ¶ 8. In contrast, "an order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable." *Rahn*, at ¶ 9.

[¶ 9] Lowe moved for reduction of sentence under N.D.R.Crim.P. 35(b). Neither Lowe nor his counsel mentioned, either in brief or at oral argument, that Lowe's sentence may have been illegal,

and no reference was made to Rule 35(a), N.D.R.Crim.P. At oral argument, Lowe's counsel agreed the sentence is discretionary and not mandatory under N.D.C.C. § 12.1–32–02(2). Lowe's motion for reduction of sentence under N.D.R.Crim.P. 35(b) is discretionary and therefore not appealable.

[¶ 10]   We dismiss Lowe's appeal from the district court order denying his second Rule 35(b), N.D.R.Crim.P., motion.

[¶ 11]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.