# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 217

State of North Dakota,                                    Plaintiff and Appellant

v.

Bradley M. Neilan,                                    Defendant and Appellee

## No. 20210065

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi Brown Weiler, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justices VandeWalle and Tufte joined. Justice McEvers filed an opinion concurring. Justice Crothers filed an opinion dissenting.

Mindy L. Anderson (argued), Assistant State's Attorney, Dennis H. Ingold (on brief), Assistant State's Attorney, and Jamie Schaible (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for plaintiff and appellant.

Philip Becher (argued) and Elisabeth E. Hewett (appeared), Minot, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1]   The State of North Dakota appeals from an amended judgment entered after the district court modified Bradley Neilan's sentence under North Dakota Rule of Criminal Procedure 35(b). The State argues the court was precluded from modifying a sentence imposed pursuant to a plea agreement or, in the alternative, the court abused its discretion by modifying the sentence. Neilan challenges the State's right to appeal. We conclude the court's reduction of Neilan's sentence is appealable, the plain language of N.D.R.Crim.P. 35(b) provides the court with the authority to exercise its discretion in reducing a sentence, and, in this case, the court abused its discretion in reducing Neilan's sentence. However, as mandated by N.D.C.C. § 29-28-35, our opinion is limited to affirming the sentence imposed by the court and pointing out the error in the proceeding. We accordingly affirm the amended judgment.

I

[¶2]   In 2019, Neilan was arrested for possession of marijuana with the intent to deliver. On February 9, 2021, the parties appeared at a change of plea hearing. At the hearing, the State detailed a plea agreement in which it dropped the firearm enhancements from Neilan's charges, removing the mandatory minimum sentences. The plea agreement provided that Neilan would be incarcerated for four years with all but 18 months suspended.

[¶3]   At the hearing, in response to the district court inquiry as to why the State was seeking incarceration rather than probation, the State indicated that if the plea agreement was rejected the State would withdraw the proposed amendments and pursue the mandatory minimum sentencing. Neilan confirmed his preference to accept the plea agreement. The court, noting the State was giving it "zero option," accepted the agreement and stated it would sentence Neilan to its terms.

[¶4]   On February 10, 2021, the day following the district court accepting the plea agreement, the court signed and entered a judgment consistent with the

terms of the plea agreement. Later that day, the court initiated its own N.D.R.Crim.P. 35(b) motion to consider reducing the sentence from incarceration to probation. The court directed the parties to file their respective responses within a day.

[¶5] Both parties filed a response to the district court's motion. The State argued against the reduction, asserting that since the sentence was imposed pursuant to a plea agreement under N.D.R.Crim.P. 11(c)(1)(C), the court could only accept or reject the plea, and using N.D.R.Crim.P. 35(b) to circumvent that requirement would render Rule 11 meaningless. Neilan acknowledged that he had accepted the plea agreement, but nonetheless argued in favor of the reduction, urging the sentencing factors favored such a reduction.

[¶6] On February 12, 2021, the district court entered the N.D.R.Crim.P. 35(b) order and reduced Neilan's sentence from a term of incarceration to probation. The court found the following factors weighed in favor of granting the Rule 35(b) reduction of sentence: Neilan's age, his criminal history of only a minor offense, no bond violations in fifteen months, his employment while on bond, a medical issue (asthma) which places him at a high risk of complication if he contracts COVID-19, no victims to the crime, no risk to the public, the convictions were for marijuana and THC, consistency in the criminal justice system, no need for dependency treatment, he can be rehabilitated, the conduct is unlikely to recur, and he took responsibility for his actions. The court's order indicated the only information not previously considered by the court in imposing the original sentence was the medical issue which places Neilan at a high risk of complication if he contracts COVID-19. The State appealed.

II

[¶7] Neilan challenges the State's right to appeal the order granting a reduction in his sentence. Neilan argues the State does not have standing to appeal because the case does not affect a substantial right of the State as provided under N.D.C.C. § 29-28-07(4). The State argues this issue affects its substantial right to receive the benefit of its bargain in plea agreements.

2

[¶8]   The State's right to appeal is statutory. *State v. M.J.W.*, 2020 ND 183, ¶ 5, 947 N.W.2d 906. Section 29-28-07, N.D.C.C., sets forth when the State may appeal. Subsections (1)–(3) and (5) relate to the State's ability to appeal with the quashing of an indictment, an order granting a new trial, an order arresting judgment, or an order granting the return of property or suppressing evidence, and are not applicable in this case. Under N.D.C.C. § 29-28-07(4), the State may appeal from "[a]n order made after judgment affecting any substantial right of the state."

[¶9]   Neilan argues the State's right to appeal is limited by *State v. Rueb*, 249 N.W.2d 506 (N.D. 1976) and *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73 (N.D. 1981). In *Rueb*, the defendant moved for a reduction of sentence under N.D.R.Crim.P. 35. 249 N.W.2d at 507. The State did not receive notice of the motion. *Id.* at 508. The district court modified the sentence. *Id.* at 507-08. This Court held the State must be given notice of the hearing on the motion for reduction in sentence, whether the proceeding is initiated at the defendant's request or sua sponte by the court. *Id.* at 510-11. The district court, when reducing a sentence, must also give reasons for the reduction. *Id.* at 511. As to the reduction itself, this Court held "[t]he modification order of the court is an order made after judgment and the total effect of the order involves a substantial right of the State." *Id.* at 508.

[¶10] In *Jefferson Park Books*, this Court was again confronted with a N.D.R.Crim.P. 35 right to appellate review issue. 314 N.W.2d at 75. The defendant moved for a N.D.R.Crim.P. 35 reduction of sentence. *Id.* The district court denied the motion, and the defendant appealed. *Id.* In contrasting from *Rueb*, this Court determined *Rueb* dealt with the procedure of the hearing rather than the validity of the sentence, while *Jefferson Park Books* dealt with the validity of the sentence itself. *Id.* at 76. This Court held that the defendant in *Jefferson Park Books* was properly given the opportunity to be heard and was heard; therefore, no substantial right of the defendant was affected as the defendant only has the right to apply for the reduction, but the determination of whether to reduce the sentence is left to the discretion of the district court. *Id.*

3

[¶11] Subsequent to our decision in *Jefferson Park Books*, we have confirmed that a defendant may not appeal the denial of a N.D.R.Crim.P. 35(b) motion. *State v. Gunwall*, 522 N.W.2d 183, 184-85 (N.D. 1994). "However, this Court has found that in the event a reduction is granted to a defendant following a Rule 35(b) application, the State may appeal. The subsequent reduction of a sentence previously imposed by a court affects a substantial right of the state." *Id.* at n.1 (citing references omitted). *See also State v. Trowbridge*, 2011 ND 72, 799 N.W.2d 406 (per curiam opinion stating that the State may appeal from an order reducing a sentence).

[¶12] While *Rueb* focused on the procedure of the hearing to reduce a sentence, and *Jefferson Park Books* focused on the defendant's right to move for a reduction but not appeal the denial of reduction, *Gunwall* is dispositive of the issue in this case. The district court's reduction of a sentence under N.D.R.Crim.P. 35(b) affects a substantial right of the State as provided under N.D.C.C. § 29-28-07(4). Therefore, we conclude that when the district court orders a reduction in sentence under N.D.R.Crim.P. 35, the State may appeal. We accordingly exercise jurisdiction over this appeal.

III

[¶13] The State argues that the district court's acceptance of the plea agreement under N.D.R.Crim.P. 11 precluded the court from thereafter unilaterally reducing the sentence under N.D.R.Crim.P. 35. It argues that because Rule 11 provides only that the court may accept the plea, reject it, or defer a decision until reviewing the presentence report, using Rule 35 to circumvent that requirement renders Rule 11 meaningless. Neilan argues that the language of Rule 35(b) expressly allows the district court to take such action.

[¶14] The question of whether the district court can reduce a sentence under N.D.R.Crim.P. 35(b) is a question of law that we review de novo. *Johnson v. Taliaferro*, 2011 ND 34, ¶ 9, 793 N.W.2d 804; *see also State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350 ("The interpretation of a court rule, like the interpretation of a statute, is a question of law.").

4

[¶15] Rule 35(b), N.D.R.Crim.P., reads as follows:

> (1) Time for Reduction. The sentencing court may reduce a sentence:
>
>> (A) within 120 days after the court imposes sentence or revokes probation; or . . .
>
> (2) Motion for Reduction. On a party's motion or on its own, and with notice to the parties, the court may grant a sentence reduction. *Changing a sentence from a sentence of incarceration to a grant of probation is a permissible sentence reduction.* If the sentencing court grants a sentence reduction, it must state its reasons for the reduction in writing.

(Emphasis added.)

[¶16] Under the plain language of N.D.R.Crim.P. 35(b), a district court may grant a sentence reduction. It may do so on its own initiative, so long as there is notice to the parties. The rule explicitly provides that, "[c]hanging a sentence from a sentence of incarceration to a grant of probation is a permissible sentence reduction." The court's use of Rule 35(b) in reducing Neilan's sentence is consistent with the requirements of the rule.

[¶17] The district court's use of N.D.R.Crim.P. 35 is not inconsistent with the requirements of N.D.R.Crim.P. 11. Under Rule 11(c)(1)(A) and (C), "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." N.D.R.Crim.P. 11(c)(3)(A). The court accepted the plea agreement, a permissible disposition under the plain language of Rule 11(c) and entered a judgment consistent with the plea agreement. The court, on its own motion and after briefing from the parties, subsequently ordered a reduction in Neilan's sentence. Under the plain language of Rule 35(b), this is a permissible disposition. There are no limitations imposed on the court in Rule 35 for when a sentence has been imposed pursuant to a plea agreement under Rule 11, and we decline to hold there is such a limitation or otherwise limit the use of Rule 35(b).

## IV

[¶18] The State argues that if the district court had the authority to initiate a motion to reduce Neilan's sentence, the court abused its discretion in ordering the sentence reduction. The State contends the court abused its discretion because all of the factors relied upon to grant the sentence reduction were known to the court at the time of his sentencing with the exception of Neilan's asthma, the asthma was not known by the court when it initiated the motion to modify the judgment (Neilan's asthma was disclosed in the materials filed by Neilan after the court requested briefing on its N.D.R.Crim.P. 35(b) motion), and his asthma was a condition Neilan was aware of at the time he entered into the plea agreement and at the time he was sentenced.

[¶19] The explanatory note following N.D.R.Crim.P. 35 reads, "A motion under this rule is addressed to the discretion of the sentencing court and may be granted if the court decides that the sentence originally imposed, for any reason, was unduly severe." We review the district court's decision to grant a sentence reduction subject to an abuse of discretion standard of review. *State v. Feist*, 2006 ND 21, ¶ 22, 708 N.W.2d 870. *See Rueb*, 249 N.W.2d at 511-12 ("We believe the discretion vested in the sentencing judge under Rule 35 is not plenary or absolute, but is subject to sound judgment and may not be abused."); *Jefferson Park Books*, 314 N.W.2d at 76 ("Whether or not a reduction should be given, in certain instances, is not a right but is basically a matter left to the sound discretion of the trial court after being fully advised on the subject matter and after giving the opposing parties an opportunity to be heard.") A court "abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Feist*, at ¶ 22 (citation omitted).

[¶20] Rule 35(b), N.D.R.Crim.P., allows a district court to exercise its discretion in reducing a sentence for any reason if the sentence was unduly severe. In the present case, the district court and the State specifically discussed the State's intent to proceed without a plea agreement and pursue the mandatory minimum if the plea agreement, as proposed to the court, was not accepted. The court accepted the plea agreement. The following day the

court initiated its own motion to reduce Neilan's sentence. It is significant that at the time the court initiated its own motion to reduce Neilan's sentence it was unaware of Neilan's asthma. The court reduced Neilan's sentence, noting only Neilan's asthma as a new factor for sentencing. Here, the timing of the court's motion and the absence of any new facts before the initiation of the motion, which immediately followed its acceptance of the plea agreement while clearly disagreeing with the State over the sentence, leads us to conclude the court intended to circumvent the plea agreement. We conclude the court abused its discretion in accepting the plea agreement and subsequently modifying the agreed upon sentence.

V

[¶21] Neilan argues N.D.C.C. § 29-28-35 precludes a decision of this Court from increasing his punishment, any adverse ruling by this Court must affirm his sentence, and any recognition of an error is limited to an advisory opinion for the district court. The State did not respond to Neilan's argument in its briefing. Section 29-28-35, N.D.C.C., reads as follows:

> Appeal by state—Power of supreme court. If the appeal is taken by the state, the supreme court cannot reverse the judgment or modify it so as to increase the punishment, but may affirm it, and shall point out any errors in the proceedings or in the measure of punishment, and its opinion is obligatory on the district court as the correct exposition of the law.

[¶22] The amended judgment, in summary, eliminated eighteen months of incarceration and increased the amount of suspended sentence by eighteen months. Reversal of the amended judgment would require the amended judgment to be vacated and the original judgment reinstated. Reversal would effectively convert the suspended sentence back to a period of incarceration. The reversal of the amended judgment would increase Neilan's punishment.

[¶23] Section 29-28-35, N.D.C.C., is unambiguous. This Court is precluded from reversing or modifying a criminal judgment in a manner which would increase the punishment imposed on a defendant. *State ex rel. Jorgenson v.*

7

*District Court of Walsh County*, 289 N.W.2d 211, 213 (N.D. 1980) (Citing to N.D.C.C. § 29-28-35 in noting "[a]n appeal by the State, if allowed at all, only permits this court to point out errors."). While N.D.C.C. § 29-28-07(4) provides the State with the right to appeal, once a judgment has been entered in the district court, N.D.C.C. § 29-28-35 limits what this Court can do in response to an appeal by the State. We conclude N.D.C.C. § 29-28-35 requires this Court to affirm the judgment.

[¶24] This Court has previously reversed a judgment that failed to impose a mandatory minimum, a decision which increased the defendant's punishment, in apparent conflict with N.D.C.C. § 29-28-35. *State v. Wika*, 1998 ND 33, 574 N.W.2d 831. Wika was sentenced to one year of incarceration although the applicable mandatory minimum sentence was two years. *Id.* at ¶ 3. The State moved to correct an illegal sentence under N.D.R.Crim.P 35(a). *Id.* at ¶ 4. The trial court denied the motion and the State appealed. *Id.* at ¶¶ 4-5. This Court reversed the trial court's denial of the motion to correct the illegal sentence and remanded the case for sentencing, a decision which unquestionably increased the defendant's sentence from one year to a minimum of two years. In *Wika*, this Court was not presented with the question of whether N.D.C.C. § 29-28-35 prohibits the reversal of a judgment which would result in increased punishment. Additionally, in this case the State has not argued that the court's sentence was illegal, or that there was clear error, as contemplated by N.D.R.Crim.P. 35(a). Our decision rests on the discretionary power of the court to modify a sentence under N.D.R.Crim.P. 35(b). We leave unresolved any question regarding the interplay between Rule 35(a) and N.D.C.C. § 29-28-35.

VI

[¶25] The State may appeal from a district court's order reducing the defendant's sentence as it affects a substantial right of the State. Under the plain language of N.D.R.Crim.P. 35(b), the court may, in its discretion, order a reduction of a sentence on its own initiative, and its ability to do so is not limited by N.D.R.Crim.P. 11. This discretionary power is subject to an abuse of discretion review on appeal, and in this case, the court abused its discretion in reducing Neilan's sentence. However, as mandated by N.D.C.C. § 29-28-35, our

opinion is limited to affirming the sentence imposed by the court and pointing out the error in the proceeding. We affirm the judgment.

[¶26] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Jerod E. Tufte

**McEvers, Justice, concurring.**

[¶27] I agree with the majority that N.D.C.C. § 29-28-35 requires us to affirm the judgment. I write separately because I disagree with the majority's holding that the district court's use of N.D.R.Crim.P. 35 in this case was not inconsistent with N.D.R.Crim.P. 11.

[¶28] Under N.D.R.Crim.P. 11(c)(3)(A), the district court may accept a plea agreement, reject a plea agreement, or defer its decision. Plea agreements are contractual in nature. *State v. Lium*, 2008 ND 33, ¶ 12, 744 N.W.2d 775. The court is an indispensable party to the agreement. *People v. Siebert*, 537 N.W.2d 891, 895 (Mich. 1995) (the judge is an impartial party with interests separate from the prosecution and defense); *see also Ghosh v. State*, 400 P.3d 147, 154 (Alaska Ct. App. 2017) ("the court is a necessary third party to any proposed plea agreement). It follows, and numerous jurisdictions have held, that if a court accepts a plea agreement, it is bound by the agreement's terms. *See State v. Ledbetter*, 920 N.W.2d 760, 764 (S.D. 2018) (if a trial court accepts a plea agreement, it must honor its promise to sentence the defendant within the bounds of the agreement); *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004) ("If the court accepts a plea agreement, it shall be bound by its terms."); *State v. Elliott*, 168 N.E.3d 33, 38 (Ohio Ct. App. 2021) ("if the trial court accepts the terms of the plea agreement, it is also bound to that agreement"). If courts are allowed to re-examine the wisdom of accepting plea agreements with the benefit of hindsight, such agreements would lack finality and the benefits that encourage the State and defendants to enter into such agreements may prove illusory. *United States v. Ritsema*, 89 F.3d 392, 401 (7th Cir. 1996). "The judge's faithful observance of the requirements of Rule 11 is just as vital to the fairness and efficiency of the process as the prosecutor's compliance." *Id.* at 402 (quoting *United States v. Blackwell*, 694 F.2d 1325, 1339 (D.C. Cir. 1982)).

[¶29] In cases where the State has agreed to drop a charge or opted not to pursue a sentencing enhancement in exchange for an agreed-upon sentence, the court does more than rob the prosecutor of the "benefit of his bargain" by ordering a lesser sentence. *See United State v. Semler*, 883 F.2d 832, 834 (9th Cir. 1989). The court invades the constitutional authority of the State to prosecute crimes:

> A court may not keep the prosecutor's concession by accepting a guilty plea to reduced charges, and yet impose a lower sentence than the one for which the prosecutor and the defendant bargained. Accepting a plea to a lesser charge over the prosecutor's objection impermissibly invades the constitutional authority of the prosecutor.

*Siebert*, 537 N.W.2d at 896. This is not to minimize the district court's role in a criminal proceeding. "[T]he prosecutor's unchecked discretion ends when the case is filed." *State v. Louser*, 2021 ND 89, ¶ 19, 959 N.W.2d 883. Once a case is filed, the court has a duty to protect the public interest and ensure the administration of justice. *Id.* at ¶ 20. If the court believes a plea agreement is unjust, it should reject the agreement. *See id.* at ¶ 27 (the district court did not abuse its discretion when it rejected a plea agreement and denied a motion to amend the charge).

[¶30] Rules 11 and 35, N.D.R.Crim.P., are based on their federal counterparts. *Houle v. State*, 482 N.W.2d 24, 28 (N.D. 1992); *State v. Wika*, 1998 ND 33, ¶ 11, 574 N.W.2d 831. A review of the history of our Rules of Criminal Procedure as well as the Federal Rules of Criminal Procedure shows the drafters intended for sentencing courts to abide by the terms of the plea agreements they accept. Congress rejected a version of Rule 11 proposed by the United States Supreme Court that contained language indicating a court could impose a sentence "more favorable to the defendant than that provided for in the plea agreement." *Semler*, 883 F.2d at 833-34. Rejection of this language shows Congress intended for courts to sentence defendants according to the plea agreements they accept. *Id.* at 834. Our Rule 11 once contained the same "more favorable" language, which has also been removed. *See State v. Mortrud*, 312 N.W.2d 354, 357 n.3 (N.D. 1981) (quoting the version of N.D.R.Crim.P. 11(d)(3) in effect at the time).

Since Congress intended to prohibit district courts from sentencing defendants to sentences less severe than those provided for in accepted plea agreements, it seems reasonable to assume that Congress also intended to prohibit district courts from using Rule 35(b) *after sentencing* to reduce sentences imposed in accordance with accepted plea agreements.

*Semler*, at 834. I also note that the portion of Fed. R. Crim. P. 35 that allowed the judge to sua sponte bring a motion for reduction of a sentence has since been removed. *See* Fed. R. Crim. P. 35 (revised 1984). Rules 11 and 35, N.D.R.Crim.P., conflict to the extent Rule 35 allows a district court to reduce a sentence, on its own motion, that the court was required to impose when it accepted the plea agreement under Rule 11. Perhaps it is time for review of N.D.R.Crim.P. 35 to address this conflict.

[¶31] When we are faced with conflicting rules we must attempt to harmonize them:

When two or more conflicting statutes or rules relate to the same subject matter in general, every effort should be made to give meaningful effect to each without rendering one or the other useless. In so doing, we attempt to give meaning to every paragraph, sentence, phrase, and word. Statutes and rules are to be construed in a way which does not Srender them useless, and because the law neither does nor requires idle acts we will not assume that any statute or rule was intended to be useless rhetoric.

*Keyes v. Amundson*, 343 N.W.2d 78, 83 (N.D. 1983).

[¶32] To harmonize Rules 11 and 35, N.D.R.Crim.P., I would follow the approach of other jurisdictions and require that exceptional circumstances exist before a district court may reduce an agreed-upon sentence. In *Semler*, the Ninth Circuit Court of Appeals, interpreting a version of the Federal Rules of Criminal Procedure with rules similar to N.D.R.Crim.P. 11 and 35, explained:

One can imagine cases where the sentence provided for in the plea agreement seems reasonable at the time of sentencing, but later

11

seems grossly excessive. Since the initial sentence was the product of bargaining between the government and the defendant, the court ideally should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial. However, since nothing in the rules permits the district court to *withdraw* its acceptance of a plea after sentencing, the only way the district court can "reject" a Rule 11[] sentence after sentencing is to reduce the sentence unilaterally pursuant to Rule 35(b).

We conclude that a district court has the authority . . . to reduce a sentence entered pursuant to a Rule 11[] agreement in exceptional cases. . . . [B]ecause Congress in enacting Rule 11[] intended to protect prosecutors' bargains, we conclude that Rule 35(b) permits a district court to reduce a sentence imposed pursuant to an accepted Rule 11[] agreement only in those exceptional cases where the sentence is plainly unjust or unfair in light of the information the district court received after sentencing the defendant.

883 F.2d at 835. Other jurisdictions have reached similar results. *See e.g. State v. Patterson,* 564 S.W.3d 423, 432-34 (Tenn. 2018) (agreed-upon sentence may be reduced "where unforeseen, post-sentencing developments" require modification "in the interest of justice"); *State v. Holdaway*, 943 P.2d 72, 75 (Idaho Ct. App. 1997) (post-sentence reduction of agreed-upon sentence allowed if previously unavailable information is "of such consequence as to render the agreed sentence plainly unjust").

[¶33]   In the present case, the State agreed to drop firearm enhancements from the charges, removing mandatory minimum sentencing requirements in exchange for the guilty plea and the parties' agreed-upon sentence. The State's attorney advised the district court that if the parties' plea agreement was not accepted she intended to pursue the minimum mandatory sentence. The court expressed its disagreement with the agreed-upon sentence but nonetheless found it reasonable, accepted the plea agreement, and imposed the sentence. Days later, the court reduced the sentence finding it "unduly harsh" and taking issue with the State's attorney for giving the court an "ultimatum." The State did not get the benefit of the bargain. By accepting the plea agreement and not

abiding by its terms, the court divested the State's attorney of her power to enforce criminal laws and to seek the punishment available under the laws she charged. *See State v. Loughead*, 2007 ND 16, ¶ 12, 726 N.W.2d 859 ("Prosecutors generally have broad discretion to enforce criminal laws."); *see also State v. Garcia*, 1997 ND 60, ¶ 44, 561 N.W.2d 599 ("[a] State's attorney has broad discretion in the charging process"). There were no exceptional circumstances present in this case to justify reducing the sentence the parties agreed upon, which the court found reasonable and accepted. I would hold the court's use of Rule 35 to circumvent the parties' plea agreement was a misapplication of the rule.

[¶34] This Court has determined the district court abused its discretion by accepting the plea agreement and subsequently modifying the agreed-upon sentence. Majority at ¶ 20. Yet, under N.D.C.C. § 29-28-35, we cannot reverse or modify the judgment. This limitation is unnecessary and may lead to circumvention of the Legislature's power. For example, the Legislature's police power allows it to establish mandatory minimum sentences. If a court erroneously sentenced a defendant below a mandatory minimum and the State appealed from the judgment, following N.D.C.C. § 29-28-35 would require we order the court to enter judgment not according to the law, an absurd result.

[¶35] I hesitantly agree N.D.C.C. § 29-28-35 prohibits us from reversing or modifying the erroneous judgment in this instance. Under § 29-28-35, all we can do is "point out any errors" and affirm the erroneous judgment. *See State, ex rel Jorgenson v. Dist. Court of Walsh Cty.*, 289 N.W.2d 211, 213 (N.D. 1980) (granting a supervisory writ and concluding any remedy of appeal from a later entered judgment would be entirely inadequate because of the limitations under N.D.C.C. § 29-28-35). Our courts are vested with the "judicial power of the state," N.D. Const. art. VI, § 1, the judiciary is a co-equal branch of government, N.D. Const. art. XI, § 26, we have the authority to promulgate procedural rules, N.D. Const. art. VI, § 3, and this Court is vested with appellate jurisdiction over the district courts, N.D. Const. art. VI, § 2. In discussing N.D. Const. art. VI, § 3, we have stated, "rules promulgated by our Court prevail over procedural rules enacted by the Legislature." *Interest of D.J.H.*, 401 N.W.2d 694, 699 n.5 (N.D. 1987). The North Dakota Rules of

Appellate Procedure address the scope of an appeal in a criminal case under N.D.R.App.P. 35(b)(1), which states in part:

> *Power of Court on Review.* Upon an appeal from a verdict, judgment, or order, the court may reverse, affirm, or modify the verdict, judgment, or order, and may do any of the following:
>
> > (A)  set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the verdict, judgment, or order;
> >
> > (B)  order a new trial;
> >
> > (C)  remand the case, with proper instructions and its opinion, to the district court.

[¶36]  The explanatory note to this rule indicates the rule was intended to supersede statutes relating to the scope of appeal. *See* N.D.R.App.P. 35, explanatory note. It appears to me N.D.C.C. § 29-28-35 should have been superseded by N.D.R.App.P. 35(b), which relates to the scope of our review of appeals from criminal judgments. However, we have recognized statutorily-enacted rules of procedure that supplement this Court's promulgated rules remain in effect until superseded or amended by this Court. We have not previously stated N.D.R.App.P. 35 supersedes N.D.C.C. § 29-28-35, and the State did not make that argument on appeal. Therefore, I reluctantly concede the statute applies in this instance.

[¶37]  For these reasons, I concur with the majority.

[¶38]  Lisa Fair McEvers

**Crothers, Justice, dissenting.**

[¶39]  I respectfully dissent. Rather than addressing the merits, this appeal should be dismissed for lack of jurisdiction.

14

[¶40] The State appeals from an amended judgment entered after the district court modified Neilan's sentence under North Dakota Rule of Criminal Procedure 35(b). Majority opinion, ¶ 7. Neilan argues the State does not have standing to appeal because the case does not affect a substantial right of the State as required under N.D.C.C. § 29-28-07(4). The State argues this issue affects its substantial right to receive the benefit of its bargain in plea agreements. Majority opinion, ¶ 7.

[¶41] The majority acknowledges defendants cannot appeal from denial of a Rule 35(b) motion because a criminal defendant's Rule 35(b) motion does not affect a substantial right. Majority opinion, ¶ 11. The majority's recognition is consistent with the longstanding position of this Court. *See Jensen v. State*, 2019 ND 126, ¶ 15, 927 N.W.2d 479; *Peterka v. State*, 2015 ND 156, ¶ 18, 864 N.W.2d 745; *State v. Lowe*, 2015 ND 126, ¶ 8, 863 N.W.2d 525; *State v. Moore*, 2010 ND 229, ¶ 5, 791 N.W.2d 376; *Rahn v. State*, 2007 ND 121, ¶ 8, 736 N.W.2d 488; *State v. Halton*, 535 N.W.2d 734, 736 (N.D. 1995); *State v. Gunwall*, 522 N.W.2d 183, 184-85 (N.D. 1994); *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73, 76 (N.D. 1981).

[¶42] Notwithstanding that denial of a defendant's motion for reduction of sentence does not affect a substantial right, the majority concludes the granting of the same motion does affect the State's substantial right. Majority opinion, ¶ 12. Doing so, they conclude *Gunwall* "is dispositive of the issue in this case." *Id.* In reaching that conclusion the majority acknowledges, "*Rueb* focused on the procedure of the hearing to reduce a sentence, and *Jefferson Park Books* focused on the defendant's right to move for a reduction but not appeal of the denial of reduction[.]" *Id.* For proper context, a review of the issues and holdings in each of these cases is necessary.

[¶43] In *Gunwall* this Court stated:

> Gunwall moved for a reduction of his sentence under Rule 35, NDRCrimP. The first subsection of that rule deals with correction of an illegal sentence; the second subsection permits reduction of a sentence. We have said that reduction of a sentence under Rule 35(b) is not a right but an application for leniency, and

15

is a matter left to the sound discretion of the trial court. *See, State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73, 76 (N.D. 1981) (concluding that a defendant's right to a reduction of sentence is not a "substantial right" as contemplated by NDCC section 29-28-06 which controls a defendant's right to appeal). Because a Rule 35(b) motion does not deal with a substantial right, denial of such a motion is not appealable. *Id*.

*Gunwall*, 522 N.W.2d at 184-85.

In footnote one to the above-quoted text, the *Gunwall* Court stated:

However, this Court has found that in the event a reduction is granted to a defendant following a Rule 35(b) application, the State may appeal. *Jefferson Park Books, Inc.* 314 N.W.2d at 76. The subsequent reduction of a sentence previously imposed by a court affects a substantial right of the state. NDCC section 29-28-07(4); *State v. Rueb*, 249 N.W.2d 506, 508 (N.D. 1976).

*Id*. at n.1.

[¶44] Closer inspection shows the *Gunwall* footnote regarding the State's ability to appeal was dicta because that case only involved whether the defendant could appeal denial of a Rule 35(b) motion. 522 N.W.2d at 185. Whether the State also could appeal district court action on a Rule 35(b) motion was not at issue. *Id*. ("Gunwall's motion below was a Rule 35(b) motion for reduction of sentence. Denial of a Rule 35(b) motion is not appealable. That portion of Gunwall's appeal is therefore dismissed.").

[¶45] To the extent the *Gunwall* footnote can be thought to have any currency, we must examine the holdings upon which it relies—*Rueb* and *Jefferson Park Books*.

[¶46] In *Rueb*, this Court made several apparent holdings on the way to remanding for adequate findings by the district court, presumably after

16

providing the State with an opportunity to respond to the defendant's Rule 35(b) motion. The Court's syllabus[1] identifies the opinion's following holdings:

> 1. An order modifying sentence after judgment, as distinguished from the original sentencing judgment, is an appealable order. Section 29-28-07(4), NDCC.
> 2. Rule 35, North Dakota Rules of Criminal Procedure, regarding reduction of sentence within 120 days after imposition of sentence, is in full force and effect and its operation is not affected by an earlier statutory enactment allowing suspension of all or part of a sentence only prior to the time the offender is transferred to a penal institution. Section 12.1-32-02(3), NDCC.
> 3. A reduction of sentence under Rule 35, NDRCrimP, includes suspension of an unserved sentence and the placing of the convicted offender on probation.
> 4. Where a motion for reduction of sentence is made under Rule 35, NDRCrimP, the defendant's attorney or by the defendant pro se, Rules 35, 47, and 49, NDRCrimP, require that notice be served upon the State's attorney.
> 5. Change or modification of sentence in this State is permitted pursuant to Rule 35, NDRCrimP, only, and courts in the State do not have inherent power to change the sentence during the term of court.
> 6. The discretionary power of the sentencing court under Rule 35, NDRCrimP, is not absolute and abuse of the power is ground for reversal.
> 7. Consistent with the requirement that the sentencing court give reasons for imposing a particular sentence, that court should also state reasons for reducing a sentence under Rule 35, NDRCrimP. Section 12-55-30, NDCC.

*Rueb*, 249 N.W.2d at 507. The Court specifically held "The modification order of the court is an order made after judgment and the total effect of the order involves a substantial right of the State." *Id.* at 508. This holding was based on a number of California court of appeals decisions; however, as noted by the

---

[1] "[A] syllabus by the court in North Dakota is a holding of the court." *Matson v. Matson*, 226 N.W.2d 659, n.1 (N.D. 1975).

dissent in *Rueb* (more fully discussed below), California does not have equivalent laws defining what is appealable.

[¶47] In *Rueb*, Justice Vogel dissented and wrote regarding reliance on California law:

> The California cases cited in the majority opinion do not aid the majority's argument. California has no equivalent to Rule 35, N.D.R.Crim.P., or rule 35, F.R.Crim.P. *See* 19 Cal.Jur.3d § 1301. A modification of sentence, unless specifically authorized by statute, is against the law in California. So it follows, as a matter of course, that the State has the right to appeal from an illegal sentence (*see People v. Maggio*, 96 Cal.App. 409, 274 P. 611 (1929), and 19 Cal.Jur.3d § 1334), just as the State in North Dakota could do so. An illegal sentence would be one that affected a substantial right of the State, which, as I have said, has a right to appeal if the sentence is illegal. The sentence imposed on Mr. Rueb by the district judge was not illegal. It was within the range of the minimum and the maximum, and the judge's authority to sentence within that range is plenary in North Dakota. *State v. Wisnewski*, 13 N.D. 649, 102 N.W. 883 (1905).

249 N.W.2d at 513-14.

[¶48] The dissent in *Rueb* also addressed the appealability issue, stating:

> The only statute granting to the State a right to appeal is Section 29-28-07, N.D.C.C. The majority says that appeal in this case is authorized by subsection 4, which gives the State a right to appeal from "An order made after judgment affecting any substantial right of the state." This provision has been part of our statutes since 1895 (Sec. 8329, R.C. 1895). It has never before been used to justify an appeal by the State from a sentence.
>
> I suggest, first of all, that it cannot apply because the State has no substantial right to any particular sentence. It has a right only to have that sentence come within the range between the minimum and the maximum sentences authorized by law. That is the rule as to appeals by defendants. *State v. Jochim*, 55 N.D. 313, 213 N.W. 484 (1927). I cannot believe that the State has a greater right in this respect than the defendant has.

18

249 N.W.2d at 513.

[¶49] Six years after *Rueb* the same Justice authored the *Jefferson Park Books* decision. In *Jefferson Park Books*, that Justice wrote for the Court and explained the *Rueb* holding was more about whether the State was required to receive notice of the defendant's Rule 35(b) motion. *Jefferson Park Books,* 314 N.W.2d at 76. The Court stated "In this respect *Rueb*, *supra*, was concerned primarily with procedure in the application and hearing of the reduction as affecting a substantial right and not the validity of the sentence per se, which is the situation in the instant matter." *Id*. The majority in the present case apparently agrees with this narrow interpretation of the holding in *Rueb*. *See* majority opinion, ¶ 12 ("While *Rueb* focused on the procedure of the hearing to reduce a sentence. . . .").

[¶50] Unlike the expansive reading given by the majority here and the Court in *Gunwall*, the Court in *Jefferson Park Books* narrowly described the State's substantial right as receiving proper notice of a defendant's Rule 35 motion. We know this from the Court writing, "The State is entitled to notice of a defendant's motion for reduction of sentence and if an ex parte order is issued by the court under Rule 35, NDRCrimP, it affects the substantial right of the State which did not receive notice of the motion and is appealable by the State." 314 N.W.2d at 76 (citing *Rueb*, 249 N.W.2d 506; N.D.C.C. § 29-28-07(4)). The Court in *Jefferson Park Books* also retreated from the broader holding in *Rueb* that any order modifying sentence after judgment was appealable under N.D.C.C. § 29-28-07(4). The Court therefore dismissed the defendant's appeal from denial of its Rule 35(b) motion because denial of a defendant's Rule 35(b) motion was not an order affecting his substantial right. *Jefferson Park Books* at 77.

[¶51] I suggest that, when peeled away, the holdings in *Rueb* and *Jefferson Park Books* stand for nothing more than the proposition that the State's substantial right is affected when it does not receive notice of the defendant's motion for reduction of sentence. I further suggest that neither case stands for the proposition stated in the *Gunwall* footnote or held by the majority here

19

that granting a Rule 35(b) motion affects the State's substantial right. I would not expand our case law to reach such a holding.

[¶52] Like the dissent in *Rueb*, here I do not follow the logic of concluding that on a properly noticed motion the district court's disposition of a Rule 35(b) motion is not a "substantial right" for a defendant's appeal, but is a "substantial right" for the State. In addition to the disconnect of treating the defendant and the State differently for no apparent reason, under N.D.C.C. § 29-28-35, the State has no ability to obtain actual relief on appeal. Majority opinion, ¶¶ 21-23; McEvers, J., concurring opinion, ¶ 35; *State, ex rel Jorgenson v. Dist. Court of Walsh Cty.*, 289 N.W.2d 211, 213 (N.D. 1980). That lack of a remedy other than a purely advisory opinion from this Court also clarifies for me why the State has no substantial right permitting an appeal from an order granting Rule 35(b) relief.

[¶53] I would hold the district court's order granting (or denying) a Rule 35(b) motion does not involve a substantial right of the defendant or the State, overrule to the extent necessary the conflicting language in *Rueb, Jefferson Park Books*, and *Gunwall*, and dismiss this appeal.

[¶54] Daniel J. Crothers