FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 15, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 231

State of North Dakota,                                    Plaintiff and Appellant

   v.

Mark Edward Bearce,                                    Defendant and Appellee

### No. 20230120

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Meredith H. Larson, Assistant Attorney General, Grand Forks, ND, for plaintiff and appellant; submitted on brief.

Jeff L. Nehring, Williston, ND, for defendant and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1] The State of North Dakota appeals from an amended judgment modifying Mark Bearce's sentence under North Dakota Rules of Criminal Procedure 35(b). We conclude the district court had jurisdiction to amend the judgment, but abused its discretion by failing to state the reasons for the reduction in writing as required by Rule 35(b), N.D.R.Crim.P. However, as mandated by N.D.C.C. § 29-28-35, our opinion is limited to affirming the sentence imposed by the court and pointing out the error in the proceeding. We further conclude the court did not err when reducing Bearce's sentence without the victim's consideration in the absence of the right being asserted by the victim or other recognized holder of the right. We accordingly affirm the amended judgment.

I

[¶2] On November 9, 2021, Bearce was charged with six criminal offenses, including two counts of driving under the influence while causing the death of another and four counts of reckless endangerment. On October 6, 2022, Bearce plead guilty to the two counts of driving under the influence in exchange for dismissal of the four reckless endangerment charges.

[¶3] A sentencing hearing was held on October 18, 2022. Following arguments by the parties, review of the victim impact statements, and character letters that were submitted, the district court sentenced Bearce to a prison term of 12 years for count I, and a prison term of 20 years with 8 years suspended and a term of 3 years' probation commencing upon release for count II. Judgment was entered that same day. The sentences were to be served consecutively.

[¶4] On December 1, 2022, Bearce filed a motion to amend the criminal judgment asserting he was not given credit for time served. The State did not object to Bearce's motion. The district court resentenced Bearce and entered

1

an amended criminal judgment on December 19, 2022, giving Bearce 15 days credit for time served on count I which was to run consecutively with count II.

[¶5]   On January 10, 2023, Bearce filed a motion under N.D.R.Crim.P. 35(b) for a reduction of his sentence. Bearce's motion provided little to no new information to the district court. The State opposed the Rule 35(b) motion. The State did not request a hearing on the motion.

[¶6]   On April 6, 2023, the district court granted Bearce's motion and amended his sentence so that count I and count II run concurrently. The order granting the reduction did not include reasons for the reduction. A second amended judgment was entered on April 10, 2023. The State appealed.

II

[¶7]   The State argues the district court order reducing Bearce's sentence was not issued within the prescribed period of time set out in Rule 35(b), N.D.R.Crim.P. Rule 35(b), N.D.R.Crim.P., provides in relevant part:

> (1) Time for Reduction. The sentencing court may reduce a sentence:
>   (A) within 120 days after the court imposes sentence or revokes probation[.]

[¶8]   The explanatory notes to Rule 35(b), N.D.R.Crim.P., states the period is not defined as the time in which the motion may be made, but is rather the time in which the district court may act. In *State v. Hanson,* this Court noted "[t]he plain language of N.D.R.Crim.P. 35(b), emphasized in its explanatory note, means that the failure of a sentencing court to act within 120 days forecloses its power to reduce a criminal sentence." 452 N.W.2d 329, 330 (N.D. 1990).

[¶9]   The State asserts the calculation for the 120-day period under Rule 35(b), N.D.R.Crim.P., began to run on October 18, 2022, the date of the sentencing hearing and when judgment was entered. We disagree. The district court entered an amended judgment giving Bearce credit for time served on

2

December 19, 2022. One hundred and eight days passed from December 19, 2022, to April 6, 2022, the date the court acted on Bearce's Rule 35(b) motion.

[¶10] Because the district court acted on Bearce's Rule 35(b) motion within 120 days, the court had the authority to reduce Bearce's criminal sentence.

## III

[¶11] The State argues the district court erred when it reduced Bearce's sentence without stating its reasons for the reduction, in writing, as mandated by Rule 35 of the North Dakota Rules of Criminal Procedure.

[¶12] Rule 35(b)(2), N.D.R.Crim.P., states, "[i]f the sentencing court grants a sentence reduction, it must state its reasons for the reduction in writing." The word "must" in a statute normally indicates a mandatory duty. *James Valley Grain, LLC v. David*, 2011 ND 160, ¶ 12, 802 N.W.2d 158.

[¶13] We have no record before us or any given reasons or statements by the district court supporting its issuance of the order reducing Bearce's sentence. The sentencing judge, when reducing the sentence under Rule 35, must give reasons for the reduction. We conclude the court abused its discretion when it reduced Bearce's sentence without providing its reasons for doing so in writing as required by Rule 35(b)(2), N.D.R.Crim.P.

## IV

[¶14] Bearce argues N.D.C.C. § 29-28-35 precludes a decision of this Court from increasing his punishment, any adverse ruling by this Court must affirm his sentence, and any recognition of an error is limited to an advisory opinion for the district court. Section 29-28-35, N.D.C.C., reads as follows:

> If the appeal is taken by the state, the supreme court cannot reverse the judgment or modify it so as to increase the punishment, but may affirm it, and shall point out any errors in the proceedings or in the measure of punishment, and its opinion is obligatory on the district court as the correct exposition of the law.

[¶15] This Court has recently analyzed the interplay between Rule 35(b) and N.D.C.C. § 29-28-35. *See State v. Neilan*, 2021 ND 217, 967 N.W.2d 765.

[¶16] In *Neilan*, the parties appeared at a change of plea hearing. 2021 ND 217, ¶ 2. At the hearing, the State detailed a plea agreement which provided that Neilan would be incarcerated for four years with all but 18 months suspended. *Id*. The district court reluctantly accepted the agreement and sentenced Neilan to the plea terms. *Id*. at ¶ 3. The next day, the court signed and entered judgment consistent with the terms of the plea agreement. *Id*. at ¶ 4. Later that day, the court initiated its own N.D.R.Crim.P. 35(b) motion to consider reducing the sentence from incarceration to probation. *Id*. The court directed the parties to file their respective responses within a day. *Id*. Following briefing by the parties, the court entered an order reducing Neilan's sentence from a term of incarceration to probation. *Id*. at ¶ 6.

[¶17] The State appealed, arguing the district court's acceptance of the plea agreement under N.D.R.Crim.P. 11 precluded the court from thereafter unilaterally reducing the sentence under N.D.R.Crim.P. 35. *Neilan,* 2021 ND 217, ¶¶ 4, 13. While we disagreed with the State's argument, we concluded the court intended to circumvent the plea agreement and, thus, the court abused its discretion in accepting the plea agreement and subsequently modifying the agreed upon sentence. *Id*. at ¶ 20.

[¶18] The amended judgment in *Neilan* eliminated 18 months of incarceration and increased the amount of suspended sentence by 18 months. *Neilan,* 2021 ND 217, ¶ 22. Reversal of the amended judgment would have increased Neilan's punishment. *Id*. As such and as mandated by N.D.C.C. § 29-28-35, our opinion in *Neilan* was limited to affirming the sentence imposed by the district court and pointing out the error in the proceeding. *Id*.

[¶19] "Section 29-28-35, N.D.C.C., is unambiguous. This Court is precluded from reversing or modifying a criminal judgment in a manner which would increase the punishment imposed on a defendant." *Neilan*, 2021 ND 217, ¶ 23.

[¶20] Like *Neilan*, the second amended judgment in this matter eliminated twelve years of incarceration. The reversal of the second amended judgment

would increase Bearce's punishment. Accordingly, we are precluded from reversing or modifying a criminal judgment in a manner which would increase the punishment imposed on a defendant.

[¶21] Section 29-28-07(4), N.D.C.C., provides the State with the right to appeal. However, once a judgment has been entered in the district court, N.D.C.C. § 29-28-35 limits what this Court can do in response to an appeal by the State. We conclude N.D.C.C. § 29-28-35 requires this Court to affirm the judgment.[1]

V

[¶22] The State argues the district court committed obvious error when it granted Bearce's N.D.R.Crim.P. 35(b) motion without providing notification to the victims or other individuals identified within N.D. Const. art. I, § 25(1)(q) and giving them an opportunity to appear. The State concedes it did not raise this issue at the district court level. "Issues raised for the first time on appeal will not be addressed unless the alleged error rises to the level of obvious error." *State v. Aune*, 2021 ND 7, ¶ 13, 953 N.W.2d 601. Under obvious error review, the burden falls on the appellant to establish obvious error by showing: (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502. "To affect substantial rights, a plain error must have been prejudicial, or have affected the outcome of the proceeding." *State v. Wegley*, 2008 ND 4, ¶ 14, 744 N.W.2d 284.

[¶23] The first inquiry under the framework for obvious error is whether an error occurred. *See State v. Thompson*, 2010 ND 10, ¶ 26, 777 N.W.2d 617. If requested by the victim, N.D. Const. art. I, § 25 provides a victim with the right to be informed of and to participate in matters that arise post-judgment. N.D.

---

[1] Bearce also argued on appeal that the district court's original sentence was illegal as contemplated by N.D.R.Crim.P. 35(a). Our decision rests on the discretionary power of the court to modify a sentence under N.D.R.Crim.P. 35(b). We leave unresolved any question regarding the interplay between Rule 35(a) and N.D.C.C. § 29-28-35.

Const. art. I, § 25(1)(q). Under N.D. Const. art. I, § 25(4), "If a victim is deceased, . . . the victim's spouse, parent, grandparent, child, sibling, grandchild, or guardian, and any person with a relationship to the victim that is substantially similar to a listed relationship, may also exercise these rights."

[¶24] The record before us indicates that family members of the deceased submitted both written and oral victim impact statements during the sentencing phase of this matter. The State appears to argue that participation in the sentencing phase alone invokes N.D. Const. art. I, § 25(1)(q) rights. None of the individuals expressly indicated they intended to exercise their rights provided within section 25(1)(q). "Section 25 does not provide for the court's enforcement of a crime victim's rights on behalf of a deceased victim absent the assertion by an individual listed under § 25(4)." *State v. Kollie*, 2023 ND 152, ¶ 24, 994 N.W.2d 367, *reh'g denied* (Sept. 6, 2023) (citing to *State v. Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, 202 N.E.3d 616, ¶¶ 10-14 (cautioning courts to refrain from reading more into crime victims' rights beyond the language of the constitutional provisions)).

[¶25] Neither the district court nor the State may independently invoke section 25 rights on behalf of a victim or other identified individuals. We have not previously been asked to determine if an appearance without an express assertion of the section 25 rights is sufficient to trigger the right to the notice of future proceedings. To demonstrate there has been an obvious error, there must be a clear deviation from prior precedent. *State v. Dockter*, 2019 ND 203, ¶ 8, 932 N.W.2d 98. Absent prior precedent establishing an appearance alone is sufficient to trigger section 25 rights with regard to future proceedings, we conclude the court did not err when it reduced Bearce's sentence without their consideration. Additionally, as noted above, we are "precluded from reversing or modifying a criminal judgment in a manner which would increase the punishment imposed on a defendant." *Neilan*, 2021 ND 217, ¶ 23. Since the State has failed to establish error, the first inquiry under our framework for analyzing obvious error, we conclude the court did not commit obvious error in granting Bearce's N.D.R.Crim.P. 35(b) motion without providing notification to the victims and giving them an opportunity to be heard.

## VI

[¶26] Although the district court erred in modification of the judgment without providing the reason for the modification, we are limited by N.D.C.C. § 29-28-35 to noting the court's error and affirming the judgment. The court did not err in modification of the judgment without the victim's consideration in the absence of a request to participate made by, or on behalf of, the victim. The amended judgment is affirmed.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr